**Carl Calvin WESTOVER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 21854.**

United States Court of Appeals
Ninth Circuit.

April 18, 1968.

Rehearing Denied May 31, 1968.

F. Conger Fawcett (argued), San Francisco, Cal., for appellant.

Jerrald Ladar (argued), Asst. U. S. Atty., Cecil Poole, U. S. Atty., San Francisco, Cal., John P. Hyland, U. S. Atty., Rothwell B. Mason, Asst. U. S. Atty., William B. Shubb, Asst. U. S. Atty., Sacramento, Cal., for appellee.

Before CHAMBERS, Circuit Judge; MADDEN, Judge of the United States Court of Claims; and JERTBERG, Circuit Judge.

CHAMBERS, Circuit Judge:

On March 11, 1965, we affirmed the conviction of Westover for robbery (two counts) of a federally insured savings and loan office and a branch of a national bank, also federally insured. Both rob-

beries occurred in Sacramento, California early in March, 1963. Westover v. United States, 9 Cir., 342 F.2d 684, 1965. A reversal followed in the slipstream of Miranda v. State of Arizona. See Westover v. United States, 384 U.S. 436, 494, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The reversal came about because of the admission of two confessions taken in the city of Kansas City, Mo., jail by officers of the Federal Bureau of Investigation. The principal reason for reversal seems to be that there were some hours of interrogation by state officers and that there was no showing that during the state investigation there was any advice given to Westover of his rights. Although Westover has been retried and reconvicted, we still know very little of what went on at the state interrogation. One may guess, but only guess, that the Kansas City police were questioning him about two Kansas City robberies.

The record of both the first trial and of the second trial are just not very good on the evidence that Westover has claimed or now claims should have been suppressed. For example, in our Westover opinion, supra, we took very seriously the matter of Westover's overcoat, which was admitted in evidence. The foundation in the first trial was that an officer had testified that a few days after the arrest, he opened up the trunk of Westover's car and took out the overcoat. We thought a search warrant should have been obtained, but we did not reverse because defendant's trial counsel had not objected. Now on the hearing on the motions to suppress made by the defendant before the second trial, the fact rolls out that at the time of his arrest, his overcoat was lying on the seat of the car with him. The officers had simply put the coat in the car's trunk for storage. So, on the facts (later developed) we had held unwittingly that the officers needed a search warrant to search for something they had themselves stored.

■ Westover has one serious point on this appeal. That involves the currency found on him the night of March 20, 1963, when he was arrested by two Kansas City police detectives. The numbers on some of the currency jibed with some of the numbers on the "bait money" handed the robber at the Bank of America in Sacramento, the federally insured bank. If there was a lawful arrest, we have no trouble here with the use of the money as evidence.[1] The money was taken from Westover's coat pocket at the scene of the arrest ·(while he was being frisked) and returned to him for the ride to the police station. There it was retaken from him and put in a police property envelope. From the record in the first trial and the record on the motions to suppress preceding the second trial, it appears that taking a prisoner's money from him and putting it in the property room was regular jail procedure for all prisoners. Sometimes prisoners were permitted to retain three dollars. Here the amount taken from him was $621.00. In taking the money, no one would suggest that at that instant a search warrant would be required to list the numbers on the bills. Thus, a search warrant to again look at the money already in police custody does not make sense. In our opinion, assuming a lawful arrest, Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067, decided March 5, 1968, covers it.

Much is made by appellant's appeal counsel about the government's having contended in the first case that it was an innocent bystander in a state arrest and that then on the second case the government contends that the arrest by the Kansas City police officers was really a federal arrest. We find the shift in position, such as it was, is mostly in the government's argument. In the first

---

1. After the first trial, the money was paid by order of the court into the registry. Thus, it disappeared so far as its usefulness as evidence again was concerned. In the second trial, the issue was over the use of "past recollection recorded" by the officers who checked the currency seized against Bank of America's record of the "bait money" lost in the robbery.

trial, the facts of the arrest were only lightly touched on. But on the motions to suppress before the second trial, several officers appeared who were not in the first case. As to the officers who testified twice, we find no significant variations in their testimony.

■ We have concluded that we will remand the case to the trial court for further exploration as to whether the original arrest on the night of March 20, 1963, was a lawful arrest on probable cause. We might not do this if the defendant had renewed his objection on lawful arrest and search and seizure grounds with reference to the money.[2] Not having done so, it gives us reason to ask for the full truth.[3]

On the scope of further inquiry, we might make the following suggestions:

1. The court will want to reopen the testimony on the arrest.

2. The testimony of officers Swindler and Ruckel possibly may be amplified as to the information they had about Westover's possible connection with the two Kansas City robberies they were investigating. Perhaps Ruckel can amplify exactly what he knew about the California state charges.[4]

3. Westover has testified on the motions to suppress that when he was arrested on the streets he told the officers that the money came from the Bank of America robbery in Sacramento. The circumstances of that, if it happened, have not yet been developed. Did he volunteer the statement? If not, were any warnings given? Did he say anything else at the time of arrest or enroute to the police station?

4. It might not be amiss to develop what went on at the Kansas City police investigation on the morning of March

21, which preceded the F.B.I. interrogation. After the facts have been developed, the trial court can rule on their materiality.

5. In the peculiar situation here, it might be appropriate for the trial court to make findings of fact and conclusions on the motion to suppress with particular reference to the lawfulness of the arrest, both as a state arrest for Missouri purposes, and as an arrest for the state charges pending in California, using Missouri and federal standards for the latter.

If the trial court finds the motion to suppress the evidence with reference to the record of the money should now be granted, it is authorized to order a new trial. If it redenies the motion, we authorize an appeal in this same numbered case. Therefore, no mandate will issue at this time.

On the other issues of the appeal:

1. We find Westover's objections to the jury instructions not well taken.

■ 2. We reject the contention that the formation of the new Eastern District of California out of portions of the old Northern and Southern Districts of California on or about September 18, 1966,[5] somehow worked to Westover's advantage. 18 U.S.C. § 3240 provides for the continuance of the old districts for the purpose of crimes committed before the effective date of a redistricting act. The judge and jury sat for Westover as part of the old Northern District of California.

■ 4. We find no error in the action of the late District Judge William C. Mathes in denying the motion to disqualify the trial judge who tried both the first and second Westover cases. And, we find no error in the latter's failure

2. At the outset of the second trial, the court denied Westover's motion to suppress with respect to the record of the money, but did it "without prejudice." The motion was never renewed.

3. We think the rationale of the remand for a post-conviction hearing in Campbell v. United States, 365 U.S. 85, 81 S.Ct.

421, 5 L.Ed.2d 428, is quite parallel to what we order here.

4. The federal complaint was not filed until March 21, 1963, in Sacramento. Thereon, a federal warrant was issued in Sacramento the same day.

5. See Public Law 89–372, 80 Stat. 75.

to recuse himself. We find the record reflects eminent fairness on his part. It is not yet a part of our function to review sentences. But the jury found Westover guilty of two very serious offenses. These were not his first, so heavy sentences were justified if the case is affirmed. So, either on theory or on results, we see nothing unfair to defendant about the whole sequence of the judge's handling of the cases.

Remanded for proceedings consistent with this opinion.[6]

6. In his brief and argument, appellant's counsel asked us to look at an F.B.I. document that was extracted for him and then sealed. We have inspected it. Of course, the frustration is great on something withheld. We have looked at the document, a report. All we shall say is counsel would be disappointed if he read it.