**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Daniel Thomas FALLON, Defendant-
Appellant.**

**No. 16828.**

United States Court of Appeals
Seventh Circuit.

March 5, 1969.

Certiorari Denied May 19, 1969.
See 89 S.Ct. 1749.

**622**

George C. Pontikes, William J. Stevens, Anthony J. Murray, Jr., Chicago, Ill., for defendant-appellant.

Thomas A. Foran, U. S. Atty., David M. Hartigan, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee; John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before DUFFY, Senior Circuit Judge, and SWYGERT and KERNER, Circuit Judges.

DUFFY, Senior Circuit Judge.

This suit challenges the constitutionality of the Military Selective Service Act of 1967, 50 U.S.C. App. § 451 et seq. Defendant was convicted because of his refusal to be inducted under the Act into the armed services of this country.

It may be advisable to first consider some fundamentals. The United States Constitution, Article I, Section 8, specifically grants to Congress the power to raise and support armies and navies. In enacting the Military Service Act of 1967, Congress declared "The Congress declares that an adequate armed strength must be achieved and maintained to insure the security of this Nation." The several provisions of the Act to which the defendant herein takes exception were certainly enacted with that purpose in view.

The duty of a citizen of this nation was well expressed a number of years ago by the United States Supreme Court. In Jacobson v. Massachusetts, 197 U.S. 11, 29, 25 S.Ct. 358, 362, 49 L.Ed. 643, that Court said: "The liberty secured by the 14th Amendment, this court has said, consists, in part, in the right of a person 'to live and work where he will,' Allgeyer v. Louisiana, 165 U.S. 578 [17 S.Ct. 427, 41 L.Ed. 832]; and yet he may be compelled, by force if need be, against his will and without regard to his personal wishes or his pecuniary interests or even his religious or political convictions, to take his place in the ranks of the army of his country, and risk the chance of being shot down in its defense."

Also appropriate is the statement of Chief Justice White speaking for the Court in Selective Draft Law Cases, 245 U.S. 366, 378, 38 S.Ct. 159, 161, 62 L.Ed. 349: "It may not be doubted that the very conception of a just government and its duty to the citizen includes the reciprocal obligation of the

citizen to render military service in case of need and the right to compel it."

Defendant first argues that the classification and deferment provisions under the Military Selective Service Act violates equal protection of the law and thereby violates the due process clause of the Fifth Amendment of the United States Constitution.

In support of his first contention, defendant points to the fact that the Selective Service Act requires the registration of males only. Defendant says: "This fact alone brands it as a piece of invidiously discriminatory legislation." Defendant argues: "Women are just as capable as men at performing a wide range of useful jobs in the military, from punching typewriters to pulling triggers." Defendant also argues: "It seems only fair that if women as well as men can sit on draft boards, then women as well as men should be subject to the draft."

With reference to the classification of ministers and divinity students (IV–D), defendant asks "Aren't they as capable of pulling triggers as other men?" Defendant also objects to the classification of fathers (III–A) and students (II–S). Defendant also protests the "magic age of 26." Defendant insists that all such classifications are in violation of the due process clause of the Fifth Amendment.

Congress did grant various exemptions from military service such as conscientious objectors and ministers of religion, but such exceptions were matters of legislative grace. United States v. Mohammed, 7 Cir., 1961, 288 F.2d 236, 242; Parrott v. United States, 9 Cir., 1966, 370 F.2d 388, 391.

Defendant repeats over and over again that he is not arguing the various classifications and deferments as unreasonable in themselves, but that such classifications are not reasonably related to the purpose of the Act. We disagree. We hold such classifications and deferments are reasonably related to the purposes of the Selective Service Act. Congress was entitled to consider factors which would both maximize the efficiency and minimize the expense of raising an army and minimize the disruption of what were considered important civilian functions. We hold further that such classifications and deferments in the Military Service Act are not in violation of the due process clause of the Fifth Amendment to the Federal Constitution.

There are, of course, some inequities in the administration of the Selective Service Act. Possibly some better system can be devised. But any such change is for the consideration and determination of Congress.

The second contention of defendant is that military conscription, absent a declared war, constitutes involuntary servitude in violation of the Thirteenth Amendment of the United States Constitution. Defendant seems to concede that we decided this question to the contrary in United States v. Holmes, 7 Cir., 1967, 387 F.2d 781.

In United States v. Holmes, *supra*, page 784, we held that compulsory civilian labor is merely the alternative to compulsory military service, and that compulsory civilian labor does not violate the prohibition of the involuntary servitude clause in the Thirteenth Amendment. Defendant invites us to change our declaration in this respect. We decline the invitation.

In *Holmes*, this Court reiterated the constitutional guide lines as to legislative classifications by stating: "The equal protection clause as provided in the Fourteenth Amendment, or implied in the due process clause of the Fifth Amendment, Bolling v. Sharpe, 347 U.S. 497, 499, 74 S.Ct. 693, 98 L.Ed. 884 (1954), requires only that all legislative classifications have a reasonable basis and that everyone placed within a classification be treated similarly." United States v. Holmes, 7 Cir., 1967 [rehear. den. 1968], 387 F.2d 781, 785, cert. den. 391 U.S. 936, 88 S.Ct. 1835, 20 L.Ed.2d 856.

The view of the defendant as to the alleged violation of the Thirteenth Amendment seems to be explained in the following quotation from his brief: "Since there is no provision in the Thirteenth Amendment allowing the Government to force people into involuntary servitude when it deems it necessary for military purposes, it logically and necessarily follows that the Thirteenth Amendment prohibits that form of involuntary servitude." We reject this argument. It is not founded on either logic or good sense.

We hold the induction of defendant Fallon did not constitute involuntary servitude in violation of the Thirteenth Amendment of the United States Constitution.

The third point raised by defendant is that the sentence imposed by the District Judge was unduly harsh. The five-year term was the highest sentence of imprisonment that could have been imposed although a fine of up to $10,000 could have been levied in addition to the term of imprisonment.

Defendant's attorney informs us that a survey of the records of the District Court for the Northern District of Illinois where defendant was sentenced, shows that in the first eight months of 1968, for violations of the Military Selective Service Act, the sentence received by defendant herein was the most severe, and that none of the other sentences exceeded a term of three years' imprisonment.

In this case, the trial court did not order a presentence investigation and report. However, it seems to be without dispute that defendant did not have a criminal record. He also had withdrawn his claims for deferment.

We would have been better pleased had the sentence imposed on the defendant not exceeded three years, the maximum imposed in other Selective Service cases in the Northern District of Illinois for the eight-month period in 1968. However, the sentence which was imposed was within the legislative maximum. We cannot say that the District Court abused its discretion. We affirm the judgment. Westover v. United States, 9 Cir., 394 F.2d 164; Heath v. United States, 8 Cir., 375 F.2d 521, 523.

The judgment of the District Court is Affirmed.