**Edward Kenneth SUSKIN, Anthony R. Martin-Trigona, Plaintiffs,**

**v.**

**Richard Milhous NIXON, Lewis B. Hershey, John Mitchell, Defendants.**

**No. 69 C 1561.**

United States District Court
N. D. Illinois, E. D.

Oct. 1, 1969.

Edward Kenneth Suskin, pro se.

Anthony R. Martin-Trigona, pro se.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for the United States amicus curiae, intervenor.

MEMORANDUM AND ORDER QUASHING SERVICE OF SUMMONS AND DISMISSING THE COMPLAINT SUA SPONTE

ROBSON, District Judge.

The United States Attorney has filed an *amicus curiae* memorandum suggest-

ing that the summons issued against the President of the United States be quashed. For the reasons set forth below, this court is of the opinion that the service of process should be quashed and the complaint should be dismissed *sua sponte*.

The plaintiffs seek a judgment by a three-judge court declaring certain provisions of the draft laws unconstitutional on the ground these provisions discriminate in favor of women and the clergy. Named as defendants are the President of the United States, the Director of the Selective Service System, and the Attorney General of the United States.

■ The Military Selective Service Act of 1967 (Act) invests the President with certain duties, i. e., formulation of details concerning registration under the Act by male citizens, determination of the number of persons to be inducted, selection of members of the National Advisory Committee, modification of the minimum standards of mental fitness of persons to be inducted in time of war, activation of reservists in medical, dental or allied specialties, prescribing regulations for exemption and deferment from training and service of certain categories of persons, and appointment of the national Director of the Selective Service System, as well as state directors.

■ The foregoing presidential powers and duties under the Act are executive and discretionary in nature, and are not subject to interference, injunction, or mandamus by the courts. *E. g.*, Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803); State of Mississippi v. Johnson, 71 U.S. (4 Wall.) 475, 500, 18 L.Ed. 437 (1866); Coates v. United States, 181 F.2d 816, 818, 19 A.L.R.2d 840 (8th Cir. 1950); Trimble v. Johnston, 173 F.Supp. 651 (D.D.C.1959). Therefore, this court concludes that the complaint as to the President should be dismissed and the summons issued against him should be quashed.

■ Furthermore, where a three-judge court is requested, a single district judge may determine whether a basis for federal jurisdiction exists. Stamler v. Willis, 371 F.2d 413, 414, note 3 (7th Cir. 1966); McManigal v. Simon, 382 F.2d 408 (7th Cir. 1967). The plaintiffs are attacking induction classifications established by Congress and administered by the Selective Service System. These classifications were established pursuant to the power and duty of Congress to raise and support an army and to make all laws necessary to that end. U.S. Const. Art. I, § 8, cl. 12. The power of Congress to classify and conscript manpower for military service has been held by the Supreme Court to be "beyond question." United States v. O'Brien, 391 U.S. 367, 377, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968); Lichter v. United States, 334 U.S. 742, 755–758, 68 S.Ct. 1294, 92 L.Ed. 1694 (1948). The courts will not interfere with a legislative or executive classification unless it is manifestly arbitrary or unreasonable. In re Imperial Irr. Dist., 38 F.Supp. 770 (S.D.Cal. 1941), aff'd sub nom., Wells Fargo Bank & Union Trust Co. v. Imperial Irr. Dist., 136 F.2d 539 (9th Cir. 1943), cert. den. 321 U.S. 787, 64 S.Ct. 784, 88 L.Ed. 1078 (1944). The classification must rest upon some difference which bears a reasonable and just relation to the statute in respect to which the classification is proposed, *but such classification is a legislative and not a judicial function.* United States v. DePugh, 266 F.Supp. 453 (W.D.Mo.1967), aff'd 393 F.2d 367 (8th Cir. 1968), cert. den. 393 U.S. 832, 89 S.Ct. 101, 21 L.Ed.2d 102 (1968); Neild, et al. v. District of Columbia, 71 App.D.C. 306, 110 F.2d 246 (1940). This court finds that the legislative policy to exclude women and the clergy from compulsory military service has a rational basis which is reasonably related to the congressional power to raise and support an army. Furthermore, any correction of alleged inequities in the administration of the draft laws, such as those of classification presented here, is for the consideration and determination of Congress. United States v. Fallon, 407 F.2d 621 (7th Cir. 1969). For these reasons, this court concludes that the

complaint fails to state a basis for federal question jurisdiction.

It is therefore ordered that the summons issued against the President of the United States be, and it is hereby quashed. It is further ordered that the cause be, and it is hereby dismissed.