UNITED STATES of America,
Plaintiff-Appellee,

v.

Theodore Alexander SMITH,
Defendant-Appellant.

No. 71–1799.

United States Court of Appeals,
Ninth Circuit.

March 21, 1972.

S. Thomas Pollack, Deputy Fed. Public Defender (argued), Michael P. Balaban, First Asst. Deputy Fed. Public Defender, Los Angeles, Cal., for defendant-appellant.

Stanley Greenberg, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty. & Chief, Crim. Div., Elliott H. Kajan, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL, BROWNING and ELY, Circuit Judges.

PER CURIAM:

Appellant was convicted of armed bank robbery, 18 U.S.C. §§ 2113(a) and (d) (1964).

The lower court denied appellant's motion to suppress statements he made to FBI agents following his arrest. He argues that the motion should have been granted for two reasons.

1. The federal officers broke into a hotel room and arrested appellant without first announcing their authority and purpose (*see* 18 U.S.C. § 3109), and appellant argues that his subsequent statements were tainted by the illegal entry. Testimony at the trial established, however, that the occupants of the hotel room were likely "armed or of a violent nature." Prior announcement was therefore excused, for "to require it would create palpable peril to the life or limb of the arresting officers." Gilbert v. United States, 366 F.2d 923, 932 (9th Cir. 1966). *Cf.* Sabbath v. United States, 391 U.S. 585, 591 & n. 8, 88 S.Ct. 1755, 20 L.Ed.2d 828 (1968); Ker v. California, 374 U.S. 23, 39–40, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963) (opinion of Clark, J.); *id.* at 47, 83 S.Ct. 1623 (opinion of Brennan, J.).

Appellant appreciates the obstacle presented by *Gilbert* and asks us to

overrule it. We would not do so if we could.

2. The government failed to produce the arrest warrant at trial, and appellant argues that this omission also required suppression of the statements flowing from his arrest.

Only one of the several points raised by appellant in this connection requires discussion. Appellant claims that the government failed to establish probable cause for his arrest because the warrant and its supporting affidavit were not presented and no independent evidence of probable cause was introduced. The trial judge apparently thought the only issue raised was whether a warrant had been issued. He ruled that the oral testimony sufficiently established the warrant's existence.

Appellant did not make it unmistakably clear that he challenged the existence of probable cause. However, he points to one passage in the transcript that may be read as raising that issue. If the issue was properly raised, probable cause was not made out: the affidavit supporting the warrant was not available, and the independent evidence offered by the government went to the existence of the warrant rather than to the existence of probable cause.

■ Under these circumstances, the interests of justice require remand for the limited purpose of determining the existence of probable cause. Westover v. United States, 394 F.2d 164, 166 (9th Cir. 1968); Costello v. United States, 298 F.2d 99, 102 (9th Cir. 1961).

At the hearing on remand additional evidence may be presented by both sides. If, on the basis of the record as supplemented, the lower court determines that the motion to suppress should have been granted it shall order a new trial, certifying a copy of its order to this court. If, on the other hand, it determines that the motion was properly denied, "we authorize an appeal in this same numbered case." *See* Westover v. United States, *supra,* 394 F.2d at 166. *See also* Ogden v. United States, 323 F.2d 818, 822 (9th Cir. 1963); Costello v. United States, *supra,* 298 F.2d at 102.

Remanded for further proceedings consistent with this opinion.