21 F.3d 1117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
FLORENTINO LOPEZ-FELIX, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
MIGUEL DE LOS RIOS-SALCEDO, Defendant-Appellant.
 Nos. 93-10239, 93-10257.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1994.
Decided April 1, 1994.
 
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Florentino Lopez-Felix and Miguel de los Rios-Salcedo appeal their jury convictions for conspiracy and possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 846 and 841(a)(1), and using and carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Lopez-Felix and Rios-Salcedo argue that agents from the Drug Enforcement Administration (DEA) and the Tucson SWAT Team violated 18 U.S.C. Sec. 3109, the "knock-notice" statute, while serving a warrant at a house for Rios-Salcedo's arrest. Because the appellants did not raise the "knock-notice" issue at trial, we review for plain error. See Fed.R.Evid. 103(d); United States v. Dischner, 960 F.2d 870, 883 (9th Cir.1992). We reverse for plain error only if: (1) the error was a forfeited error rather than a waiver, (2) the error was "plain" under current law, (3) the error affected substantial rights, or was prejudicial, and seriously affected the fairness, integrity or reputation of the proceedings. United States v. Armijo, 5 F.3d 1229, 1233 (9th Cir.1993).
 
 
 4
 The "knock-notice" statute allows officers armed with a warrant to force open a door after announcing their presence if (1) the occupants refuse admittance, or (2) exigent circumstances exist for the break in. 18 U.S.C. Sec. 3109. A constructive refusal of entry may be inferred only from a lapse of a "significant amount of time" after the knock-notice. United States v. Mendonsa, 989 F.2d 366, 370 (9th Cir.1993). What constitutes a "significant amount of time" depends on the facts of each case. United States v. McConney, 728 F.2d 1195, 1207 (9th Cir.1984). If the statute is violated, evidence seized as a result of the illegal entry must be suppressed. See United States v. Dicesare, 765 F.2d 890, amended on other grounds, 777 F.2d 543 (9th Cir.1985).
 
 
 5
 The appellants allege that the lapse of time between the "knock-notice" and the forced entry was "minimal." However, the appellants have no direct evidence indicating the actual lapse of time.[1] Instead, they ask us to infer that the lapse was "minimal" from circumstantial evidence suggesting that the appellants were asleep during the entry. We decline to make such a supposition. It would be pure speculation, based on the skimpy record before this court, to attempt to fashion the facts so as to infer a violation of the statute. It also would be impossible to say whether the error, if any, was plain. United States v. Mitchell, 783 F.2d 971, 977 (10th Cir.1986).[2]
 
 II
 
 6
 The appellants allege that documents purported by the government to be drug ledgers were improperly admitted into evidence. They argue the documents are hearsay, in that the government allegedly used the documents for the truth of the matters asserted in them. See Fed.R.Evid. 801(c). Because the appellants at trial objected to the evidence only vaguely upon foundation grounds, and not on any specific hearsay grounds, we review for plain error. See United States v. Gomez-Norera, 908 F.2d 497, 500 (9th Cir.1990) (if party fails to make a sufficiently specific objection, that party is precluded from raising issue unless plain error exists).
 
 
 7
 The appellants concede that the documents had "the potential to be legitimately admitted" under the hearsay exception for establishing the character and use of the house. See United States v. Jaramillo-Suarez, 950 F.2d 1378, 1383 (9th Cir.1991). They argue, however, that the government failed to lay a foundation under this exception, because neither the government nor the trial judge explicitly invoked the exception and the government did not establish the identity of the documents' author. The appellants rely primarily on United States v. Ordonez, 737 F.2d 793 (9th Cir.1984). In Ordonez, we held that the admission of hearsay without showing foundation under a hearsay exception violated the Confrontation Clause. Id. at 802.
 
 
 8
 We hold that a foundation was laid under a hearsay exception in this case, and therefore find Ordonez inapplicable. To lay a foundation under the exception for establishing the character and use of a house, the government is not required to show authorship. Jaramillo-Suarez, 950 F.2d at 1383. It is only required to show that the ledgers were found in the house frequented by the defendant, even if that house was controlled by someone other than the defendant and even if the defendant was not present at the house when the ledgers were confiscated. Id. In this case, the government made that factual showing. To lay a proper foundation, the government need not explicitly invoke the applicable hearsay exception as long as testimony establishes the factual showing upon which the exception is predicated. See id.; United States v. Miller, 771 F.2d 1219, 1234-36 (9th Cir.1985).
 
 
 9
 However, even if the government lays a proper foundation for the evidence under a recognized hearsay exception, there is still "the risk that the government or jury may erroneously rely on the document for the truth of the matter asserted therein." Jaramillo-Suarez, 950 F.2d at 1383. Thus, "a drug-related document may be properly admitted into evidence to show the use and character of the place where it was found, provided there is a proper limiting instruction to prevent the jury from assuming matters contained in the document are true." United States v. Walker, 993 F.2d 196, 199 (9th Cir.1993). In this case, although a proper foundation was shown, the trial judge issued no limiting instruction upon the introduction of the evidence or at the close of trial. This created a risk of unfair prejudice. Cf. Jaramillo-Suarez, 950 F.2d at 1384 (no risk of "unfair prejudice" because court issued limiting instructions to jury). The risk of prejudice in this case was particularly strong, as the government improperly relied on the ledger entries to prove the truth of the matters asserted in them.[3]
 
 
 10
 Under the plain error rule, the failure to give a limiting instruction for hearsay evidence may require reversal only if: (1) there is a forfeited error rather than a waiver; (2) the error was "plain" under current law; (3) the error affects substantial rights, or the error was highly prejudicial, that is, that it affected the verdict. United States v. Armijo, 5 F.3d 1229, 1233 (9th Cir.1993). If these three criteria are met, the court may exercise its discretion but it is not required to do so. Id. The court should exercise its discretion when the error " 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " Id. (quoting United States v. Olano, --- U.S. ----, 113 S.Ct. 1770, 1779 (1993)).
 
 
 11
 We hold that the erroneous admission of the evidence was not "plain error." To be sure, the appellants were prejudiced by the government's use of the hearsay. Nevertheless, we conclude that the error did not seriously affect the fairness, integrity or public reputation of the judicial proceedings. The evidence could have been admitted properly under a hearsay exception. Defense counsel failed to make any objection that might have alerted the court to its responsibility of issuing limiting instructions. When counsel's omission fails to alert the district court of the need for limiting instructions, we have refused to find plain error. See United States v. Perry, 857 F.2d 1346, 1352 (9th Cir.1988).
 
 III
 
 12
 The appellants argue there was insufficient evidence to convict them of the drug trafficking charges, the firearms charges, and the conspiracy charges. They argue that their connection to the marijuana, which was located in a locked storage shed outside a house not owned by appellants, establishes only proximity to the marijuana, not possession. In reviewing the sufficiency of evidence, we view the evidence in the light most favorable to the government, and will uphold the verdict if any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992).
 
 
 13
 There are two elements to the offense of possession with intent to distribute narcotics: (1) possession of the narcotic, and (2) intent to distribute it. Because neither Rios-Salcedo nor Lopez-Felix had actual possession of the marijuana, to prove the first element of the offense the government must rely on a theory of constructive possession. To have constructive possession, a defendant must know of the presence of the drug and must have the power to exercise dominion and control over it. United States v. Sanchez-Mata, 925 F.2d 1166, 1169 (9th Cir.1991). Mere proximity to contraband, presence on property where it is found, and association with persons having control of it are all insufficient to establish constructive possession. Id.
 
 
 14
 We note that circumstantial evidence, and evidence drawn from it, may be sufficient to sustain a conviction. United States v. Reyes-Alvarado, 963 F.2d 1184, 1187 (9th Cir.1992). Thus, the question before us is whether the circumstantial evidence was sufficient to establish that the (1) appellants had knowledge of the marijuana and (2) that they had the power to exercise dominion and control over it. We find that the evidence is sufficient to establish those elements. The evidence showed that a distributable amount of marijuana existed on the property, just a few feet from the window of the bedroom where Rios-Salcedo slept. Evidence established the house's character as a drug trafficking locale. Evidence also established the appellants' past association with the house. Both appellants were close to loaded weapons when they were arrested at the house. Considered together, this evidence was sufficient to allow a reasonable mind to infer that the defendants knew about the marijuana and had the power to exercise dominion and control over it,[4] conspired to distribute it, and were prepared to use firearms to defend it.
 
 IV
 
 15
 Following the arrests of the appellants, the evidence supporting the appellant's indictment, 149 pounds of marijuana, was destroyed by the government, with the exception of a small sample. This action was taken pursuant to 28 C.F.R. Sec. 50.21, which provides that bulk marijuana is to be destroyed 60 days after notice is made of the marijuana's seizure.
 
 
 16
 Lopez-Felix argues that the government's destruction of the marijuana violated his fourth amendment and due process rights, because its destruction precluded him from examining the marijuana to test the validity of the search warrant.[5] He argues that he was never notified of the destruction and that the DEA ignored a request by the U.S. Attorney's Office not to destroy the evidence. He argues that the indictment therefore should have been dismissed. We review de novo the district court's refusal to dismiss an indictment on due process grounds. United States v. Simpson, 813 F.2d 1462, 1465 n. 2 (9th Cir.1987).
 
 
 17
 We reject Lopez-Felix's argument. The destruction of evidence may constitute denial of due process, if the evidence is destroyed in bad faith. Arizona v. Youngblood, 488 U.S. 51, 58 (1988). The appellant has not made a sufficient showing of bad faith. The regulations do not require notice to anyone other than the U.S. Attorney's Office. Although the U.S. Attorney asked that the bulk marijuana be preserved, we decline to find bad faith merely on this basis. Bad faith is shown where the police conduct indicates that the evidence could form a basis for exonerating the defendant. United States v. Heffington, 952 F.2d 275, 277 (9th Cir.1991). No such showing has been made here.
 
 
 18
 The convictions and sentences are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A SWAT officer testified but was never asked how long the lapse of time was between the "knock-notice" and the forced entry
 
 
 [2]
 In any case, any noncompliance with the statute, if it occurred, was justified by exigent circumstances. In this case, police had information from a confidential informant that an occupant possessed a firearm, and they also knew that Rios-Salcedo was a fugitive on drug trafficking charges. These facts are sufficient to constitute an exigency. See United States v. Smith, 456 F.2d 1236 (9th Cir.1972) (per curiam) (exigency exists if the occupants are likely to be "armed or of a violent nature."). Cf. United States v. Pearson, 756 F.2d 787, 792 (11th Cir.1984) (if occupant is known to be armed and has prior felony conviction, exigency justifies noncompliance with knock-notice statute)
 
 
 [3]
 At trial, the government elicited testimony of the fact that "Miguel"--the first name of Rios-Salcedo--was a name listed on several ledger sheets. The use of the evidence in this manner exceeded the permissible scope of establishing the character and use of the house. See Jaramillo-Suarez, 950 F.2d at 1384
 
 
 [4]
 The appellants rely heavily on three cases to support their argument that they exercised no control over the contraband: United States v. Vasques-Chan, 978 F.2d 546 (9th Cir.1992), United States v. Ramirez, 880 F.2d 236 (9th Cir.1989), and United States v. Penagos, 823 F.2d 346 (9th Cir.1987). We find these cases inapposite. These cases state that awareness of the existence and location of contraband cannot establish dominion and control, if the evidence shows that other persons actually possessed the drugs in question. United States v. Vasques-Chan, 978 F.2d at 551 (discussing all three cases). Here, there was no evidence suggesting that others controlled the contraband. Moreover, the evidence that the appellants were close to loaded weapons is not "perfectly consistent with that of an innocent person having no stake or interest in drug transactions." Id
 
 
 [5]
 The search warrant was obtained after a police officer detected the smell of marijuana while standing near the shed in which it was stored