## WALKER *v.* STATE

[No. 175, September Term, 1964.]

*Decided February 11, 1965.*

The cause was argued before PRESCOTT, C. J., and HAM-
MOND, HORNEY, MARBURY and BARNES, JJ.

*George L. Russell, Jr.,* with whom was *Richard K. Jacobsen*
on the brief, for appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom
were *Thomas B. Finan, Attorney General* and *Charles E. Moy-
lan, Jr., State's Attorney for Baltimore City,* on the brief, for
appellee.

MARBURY, J., delivered the opinion of the Court.

On November 11, 1959, Marshall's Cut Rate Liquor Store
in Baltimore City was robbed at gunpoint at approximately
eight o'clock p.m. Robert Heyman, the manager, and a clerk,
James Watson, were in the store at the time. A total of $30.00
was taken from these men and a little over $2400 was taken
from the store's cash register. Watches valued in the aggregate
of $75 were missing from a display case in the store following
the robbery. As the result of this robbery, the appellant, Cor-
nelius Walker, was arrested, tried and convicted on December
23, 1959, of robbery with a dangerous and deadly weapon
charged in the first count of the indictment, and sentenced to
twenty years in the Maryland Penitentiary.

Walker appealed to this court, which affirmed the judgment
of the lower court. *Walker v. State,* 223 Md. 243, 164 A. 2d
287. He next filed a petition for Post Conviction relief in the
Criminal Court of Baltimore, alleging that evidence illegally
obtained had been used to secure his conviction. This petition
was denied, and we also denied his application for leave to ap-

peal. *Walker v. Warden,* 226 Md. 653, 172 A. 2d 407. The Supreme Court of the United States denied certiorari. *Walker v. Warden,* 368 U. S. 960, 7 L. Ed. 2d 391.

He next filed a petition for a writ of habeas corpus in the United States District Court for the District of Maryland, alleging that he was being unlawfully detained as a result of conviction and sentence obtained through the use of unlawfully seized goods. The District Court found that the appellant had waived a right to raise this question since he failed to raise it on direct appeal in this Court, and also found that there was no basis for holding that the search was illegal. That decision was subsequently reversed by the United States Court of Appeals for the Fourth Circuit in *Walker v. Pepersack,* 316 F. 2d 119, in which that court relied on its views in *Hall v. Warden,* 313 F. 2d 483, which held to be retroactive the decision of *Mapp v. Ohio,* 367 U. S. 643, 6 L. Ed. 2d 1081. The Fourth Circuit remanded the petition to the District Court. That court subsequently ordered that Walker either be released or retried. The State elected to and did retry Walker on September 13, 1963. He was again found guilty of robbery with a deadly weapon and sentenced to twenty years in the Maryland Penitentiary from November 11, 1959. From that judgment and sentence this appeal is taken.

At the trial of September 13, 1963, none of the tangible evidence, found by the United States Court of Appeals to have been illegally obtained, was introduced against Walker. The conviction was based upon evidence including the testimony of the victims of the robbery, and of Estelle Jackson who testified that Walker, on the evening of the robbery and subsequent to it, had brought to her home certain watches and money similar in nature to those taken from the robbed premises.

Appellant contends that the State was not justified in relying on the eyewitness' testimony to prove its case at the second trial. He claims that this testimony, which he characterizes as "intangible evidence" was traceable to the illegal search proscribed by the Fourth Circuit. We do not agree. The evidence condemned by the federal court consisted of tangible evidence which was the fruit of the illegal search, causing the court to remand the case to the District Court to afford the

State a reasonable opportunity to retry the appellant. This by no means meant that he could not be retried, using testimony of the victims and other lawful evidence.

Appellant argued that he was the victim of an illegal arrest. We find no merit in this contention. The record discloses that a telephone call, followed by a letter, was received by the Police Department of Baltimore City from the Federal Bureau of Investigation containing information connecting the appellant with the robbery. This information, coming from a responsible official source, constituted in itself probable cause and reasonable grounds to arrest the appellant. *Farrow v. State,* 233 Md. 526, 197 A. 2d 434.

Moreover we have repeatedly held the fact that the arrest, even if illegal, would not of itself preclude a trial for and conviction of the offense charged. *Matthews v. State,* 237 Md. 384.

*Judgment affirmed.*