■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v. MICHAEL HOLUP, Appellant.— Judgment, rendered June 14, 1966, convicting defendant upon his plea of guilty of robbery in the second degree, unanimously reversed, on the law, judgment of conviction vacated and the case remanded for a new hearing on defendant's motion to suppress. The record shows that defendant was arrested without a warrant on February 4, 1966. Property, including two pistols and live ammunition, were found in his room. Detective Rahas, the sole witness called by the People, had been told by his superior officer who was not called as a witness that defendant was an armed robber and that various weapons might be found in his room. This was the only testimony elicited on the hearing which tended to show defendant's participation in the commission of a crime. It is insufficient to demonstrate probable cause to believe that defendant had committed a crime. Although information possessed by the detective's superior may have sufficed to justify ordering defendant's arrest, the present record does not disclose the nature of the superior's knowledge or information. Further, the record fails to indicate whether the arresting officers had other information on which to base the arrest. The statements of Detective Rahas at the hearing concerning the basis for defendant's arrest lacked factual specificity. With commendable candor, the District Attorney concedes the record fails to establish probable cause and requests a rehearing so that an opportunity may be afforded the People to adduce such evidence. The People should be afforded this opportunity. (See *People* v. *Malinsky*, 15 N Y 2d 86; *People* v. *Horowitz*, 21 N Y 2d 55.) Concur — Stevens, J. P., Eager, Steuer, Tilzer and McNally, JJ.