■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHNNY MOORE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 13, 1967, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal has brought up for review a determination of said court, made September 12, 1966, which denied defendant's motion to suppress certain evidence. Action remitted to the Criminal Term for a further hearing and proceedings not inconsistent herewith. The appeal will be held in abeyance pending the outcome of the hearing. Defendant was arrested a short time after the proprietor of a drugstore was killed. The officer who arrested defendant (Detective Pierce) had been told by a fellow officer, Lieutenant Norris, at the scene of the homicide, to apprehend defendant. Lieutenant Norris gave Pierce defendant's name, address and automobile license number and the make of his car. Pierce then proceeded to the address given and, after verifying some of the information with defendant's mother, waited for defendant to arrive. Soon thereafter, defendant drove up in the described automobile with the same license plate number that Pierce had previously been given. As defendant was alighting from the vehicle, Detective Pierce approached, asked defendant to identify himself and then arrested him. At the suppression hearing, Lieutenant Norris was not called to testify and the source of his information, whether hearsay or from his own observations, was never disclosed. We believe that this gap in the evidence beclouded the element of probable cause (cf. *People* v. *Horowitz*, 21 N Y 2d 55). We remit the action, therefore, for the purpose of a hearing to determine the source of the information which led to defendant's arrest. Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.