## JAMES MICHAEL BOLESTA v. STATE OF MARYLAND

[No. 355, September Term, 1969.]

*Decided April 29, 1970.*

---

410

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Daniel O'C. Tracy, Jr.,* for appellant.

*Joseph R. Raymond, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Charles E. Foos, III, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellant was convicted at a court trial of the felonies of unlawfully possessing and controlling marihuana, a prohibited narcotic drug, and sentenced to five years under the jurisdiction of the Department of Correctional Services. He contends on appeal that as he was illegally arrested, the subsequent search of his person and seizure therefrom of a quantity of marihuana was likewise illegal; and that the admission into evidence of the marihuana seized as a result of that search constituted reversible error.

The State produced only one witness at the trial—Detective Thomas Manzari—who testified that on February 12, 1969, he received a phone call from Stephen Sabo, a federal narcotics agent, who told him that at 4:30 p.m. that day appellant, a Social Security Administration employee, would have in his possession two ten dollar bags of marihuana and "would be riding with another subject from work and he would arrive at the Woodlawn Drive and the Annex Building of the Social Security complex at approximately 4:30, to meet with an employee." Manzari testified that he knew appellant, having previously arrested him for selling narcotics; that Sabo described appellant as being 6'4", having a long mustache and long sideburns; and that Sabo said that appellant "would probably" try to sell him (Manzari) two bags of mari-

huana at 4:30. Acting on this information, Manzari went to the Social Security complex at 3:30 p.m. where he met with Sabo and one Mark Manlin—a person not otherwise or further identified. Manzari stated that "we went over the same information that *they* had given me previously on the phone"; (emphasis supplied) that thereafter, at 4:25 p.m., he drove to the Annex Building on the Social Security lot where he parked, at which time he observed a red Comet automobile driven by a female come onto the Annex Building parking lot; that appellant was a passenger in the vehicle, and met the description given of him by Sabo; that appellant went into the Annex Building and a short time later came out, got back into the automobile and drove west on Woodlawn Drive. After the vehicle had travelled a short distance, Manzari stopped it, arrested and searched appellant and seized a quantity of marihuana from his person. Manzari admitted that his information "in regard to probable cause for arrest was obtained strictly by Agent Sabo." Sabo did not testify.

Whether a warrantless felony arrest is constitutionally valid necessarily turns upon whether, at the moment the arrest was made, the arresting officer or the police acting as a team had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed or was committing a felony. *McCray v. Illinois*, 386 U. S. 300; *Beck v. Ohio*, 379 U. S. 89; *Draper v. United States*, 358 U. S. 307; *Farrow v. State*, 233 Md. 526; *Simms v. State*, 4 Md. App. 160. Where, as here, the constitutional validity of the warrantless arrest was properly challenged by timely objection, it is the function of the court to determine for itself the persuasiveness of the facts relied upon by the police to establish probable cause for the arrest. *Beck v. Ohio, supra; Edwardsen v. State*, 231 Md. 332. Evidence to show the basis upon which the arresting officer acted in making the arrest, including the nature

and details of information received from other law enforcement officers and/or informants, is both relevant and admissible on the issue of probable cause and must affirmatively be shown if the State is to carry its burden of proving the legality of the arrest. *Mullaney v. State,* 5 Md. App. 248. Where the arrest is initiated on hearsay information received from an informant, the State to establish its legality where challenged should sufficiently inform the trial judge of some of the underlying circumstances from which the informant concluded that a crime was being or had been committed by the person to be arrested, and some of the underlying circumstances from which the police concluded that the informant was credible or his information reliable. *See Spinelli v. United States,* 393 U. S. 410, and *Mullaney v. State, supra,* at page 254. It is not necessary in all cases, however, that the basis of the informer's conclusion that the accused was committing a crime be shown to establish the legality of the arrest. Where, as in *Draper v. United States, supra,* reaffirmed in *Spinelli v. United States, supra,* the arrest is initiated on hearsay information received from an informant whose reliability is established on the record, the fact that the underlying basis for the informer's conclusion that the accused was committing a crime is not shown does not render the arrest illegal, so long as the arresting officer, by his own observations, is able to corroborate the substance of the informer's information, thus providing a substantial independent basis for crediting the hearsay. But under this test, as with the other, the reliability of the informer must be shown on the record; it cannot be established solely by reason of the fact that when the informer's information was acted upon it proved accurate. *Cf. Frey v. State,* 3 Md. App. 38.

In *Mullaney,* as here, the State claimed that probable cause could be established solely by the testimony of the arresting officer that in making the arrest he acted on information provided to him by a reliable police officer. In that case, the arresting officer testified that he was told by a police officer of a neighboring county that one

of that officer's informers had told him that the accused was then at a designated motel in possession of a large quantity of marihuana. While the credibility or reliability of the informer was not shown, there was testimony from the arresting officer that he believed his fellow officer to be reliable. We there noted that the observations of fellow law enforcement officers constitute a reliable basis in the assessment of whether probable cause to arrest exists and that probable cause may be based on information collectively within the knowledge of the police. But where the informer was the source of the incriminating information, and the officer merely relays it to the arresting officer, obviously he is but a conduit of the information. Under these circumstances, we indicated in *dicta* in *Mullaney* that the fact that he is a reliable person is not of itself sufficient; it is the credibility and/or reliability of his informer that is involved and where the State fails to establish it on the record, or at least to explain its reasons for not undertaking to show it, we think that probable cause for the arrest is not demonstrated.

In *People v. Horowitz*, 233 N.E.2d 453 (N.Y. Ct.App.), the arresting officer testified that his Lieutenant told him that he had received anonymous information that the defendant, whom the informer named and described, was working in the mail room of a designated building and had in his possession at that time a brown paper bag containing stolen government bonds. The arresting officer went to the specified location, observed and arrested the defendant, seized the bag and discovered the stolen bonds therein. The court held the arrest illegal, concluding that the testimony of the arresting officer "is not the kind of evidence necessary to prove the reliability of the informer * * *." The Lieutenant did not testify, and while the court deemed that as a police officer he was a reliable person, it stated: (page 455)

> "The controlling principle seems to be that it is not necessary for the officer making the arrest

to know of the reliability of the informer or to be, himself, in possession of information sufficient to constitute probable cause provided that he acts upon the direction of or as a result of communication with a superior or brother officer or another police department provided that the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest. *This record does not show that any of the law enforcement officers had facts before them sufficient to indicate that this anonymous informer was reliable, or that the police had other information, not derived from the informer, which was sufficient, in itself, to constitute probable cause."* (emphasis supplied)

*See also People v. Holup,* 289 N.Y.S.2d 19, a case holding in effect that while the arresting officer was told by his superior officer that the defendant was an armed robber, and that weapons could be found in his room, since the superior officer did not testify, the warrantless arrest was unlawful as probable cause had not been demonstrated on the record. And in *People v. Moore,* 296 N.Y.S.2d 276, it was held where a police officer who arrested the defendant had been told by a fellow officer to apprehend the defendant, but the source of the fellow officer's information was not disclosed, and he did not testify, probable cause for the arrest was not shown.

In the present case, the only evidence bearing on the issue of probable cause to arrest was Manzari's testimony that Agent Sabo (who he could properly consider reliable) told him that appellant, who he accurately described, would arrive in a car with another person at the Social Security Building at a particular time; that he would have marihuana in his possession, would meet there with an employee and would probably try to sell Manzari some marihuana. This information was corroborated, in part, by Manzari's personal observation of appellant's arrival at the stated time and place and he

might have considered that appellant's purpose in entering the building was to meet with an employee. It is also true that appellant was himself an employee of Social Security and his presence there had no incriminating significance. And no effort was made by appellant to sell Manzari or anyone else marihuana. Just who Mark Manlin was is not shown by the record. On the record before us, and in the absence of enlightening testimony, we think Agent Sabo was simply conveying information which he obtained from an informer, but whose credibility and/or reliability was not shown. This case, then, is unlike *Draper* because there the reliability of the informer was shown; here it was not. The fact that Agent Sabo was himself reliable cannot suffice as proof that his informer was a reliable source of information, and we decline to conclude, either as a matter of law or fact, that a reliable police officer's informer should be deemed reliable simply because his information was acted upon by a reliable police officer. In so concluding, we do not retreat from the long line of cases where we have found probable cause to exist based on information received from an informer of demonstrated reliability, coupled with the personal observations of the arresting officer corroborative of the informer's information. *See Owings v. State,* 8 Md. App. 572; *Green v. State,* 8 Md. App. 352; *Watkins v. State,* 7 Md. App. 151; *Cornish v. State,* 6 Md. App. 167; *Rollins v. State,* 5 Md. App. 495; *Hundley v. State,* 3 Md. App. 402. Nor do we intend in any way to depart from the well established principle, so carefully enunciated in *Farrow v. State, supra,* at p. 532, that "If the police team working on the particular case had accumulated sufficient information to furnish probable cause for a reasonable man to believe that the alleged crime had been committed and that there was probable cause to believe that the defendant was involved therein, there was sufficient cause for his arrest." Nothing in *Farrow,* or its progeny, suggests that the information collectively possessed by the police need not be shown on the record to establish probable cause; in-

416

deed, if the police team concept of proving probable cause is to be successfully employed, the information which the police collectively possessed at the time of the arrest must necessarily be adduced in evidence to enable the trial judge to make a determination of the question. *See Cleveland v. State,* 8 Md. App. 204. *Walker v. State,* 237 Md. 516, upon which the State relies, does not dictate a contrary result. That case relied for its holding upon *Farrow,* and must be considered so limited.

We hold then that the trial judge erred in concluding that the arrest and search and seizure incident thereto were legal. We think the State should be afforded another opportunity to properly show, if it can, that there was probable cause in the constitutional sense to arrest appellant and seize the incriminating marihuana from his person.

*Judgments reversed; case remanded for a new trial.*