**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Theodore Alexander SMITH, Defendant-Appellant.**

**No. 72–2048.**

United States Court of Appeals, Ninth Circuit.

Oct. 12, 1972.

Certiorari Denied Jan. 22, 1973.
See 93 S.Ct. 974.

284

S. Thomas Pollack, Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Stanley Greenberg, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before CHOY and GOODWIN, Circuit Judges, and JAMESON, District Judge.[*]

PER CURIAM:

Appellant was convicted of armed bank robbery. During trial the district court had denied his motion to suppress statements made to the F.B.I. following his arrest. On appeal a partial remand was ordered for the limited purpose of determining whether probable cause existed for the issuance of the arrest warrant. United States v. Smith, 456 F.2d 1236 (9 Cir. 1972).

At the remand hearing the complaint and affidavit underlying the issuance of the warrant were admitted into evidence. No other evidence was presented by either side. The district court held that there was "probable cause, as evidenced by this complaint and affidavit * * * for the issuance of the arrest warrant." We agree and affirm.

The complaint, sworn to by an F.B.I. agent, charged appellant and another with armed robbery of a bank. It is recited that one of the victim tellers and the bank manager both identified the other person from a group of photographs "as the robber," and that the manager of the bank from the same photographs identified appellant "as the man who stood guard in the lobby of the bank." While the complaint does not state specifically that the bank manager personally saw the crime committed, implicit in his identification of the robbers in the bank is his personal observation of the robbery.

Reading the affidavit in a "common-sense way rather than technically," it states ample facts to establish probable cause. United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). It meets the requirement of Jaben v. United States, 381 U.S. 214, 224–225, 85 S.Ct. 1365, 1371, 14 L.Ed.2d 345 (1965) and cases therein discussed that "enough information be presented to the [Magistrate] to enable him to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process." Moreover, "the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." United States v. Ventresca, *supra*, 380 U.S. at 109, 85 S.Ct. at 746, citing Jones v. United States, 362 U.S. 257, 270, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233 (1960).

Affirmed.

---

[*] Honorable William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.