528 P.2d 1281

STATE of New Mexico, Plaintiff-Appellee,

v.

Charles CARTER, Defendant-Appellant.

No. 1537.

Court of Appeals of New Mexico.

Dec. 11, 1974.

Louis G. Stewart, Jr., Harry D. Relkin, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Special Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## CERTIFICATION TO THE SUPREME COURT

The appellant was indicted by a Bernalillo County Grand Jury on August 17, 1972 (filed August 18, 1972) on two counts of armed robbery and one count of rape. On February 6, 1973 the State pursuant to Rule 37(c), N.M.R.Cr.P. filed a petition for extension of time for commencement of trial. The appellant was not notified of the date of hearing and the State's petition was granted ex parte on February 15, 1973. Appellant was found guilty on all three counts after a jury trial commencing December 11, 1973.

Appellant appealed his conviction to this court alleging two points of error. Appellant's first point is that the trial court erred in refusing to dismiss the indictment because he was not brought to trial within six months as provided by Rule 37(b), N.M.R.Cr.P. in violation of his State and Federal constitutional right to a speedy trial. Appellant challenges the validity of the ex parte order granting the State's petition for extension of time for commencement of trial on several grounds, one of which was that mandatory provisions of Rule 37(c) supra, as to notice and hearing were not complied with. Another challenge is that such a hearing constitutes a critical stage of the pretrial proceedings at which presence of counsel in his behalf was necessary to protect his right to a fair trial.

At oral argument appellant requested this court to certify this case to the

New Mexico Supreme Court because this court is without authority to review Supreme Court orders granting extension of time to commence trial. State v. Sedillo, 86 N.M. 382, 524 P.2d 998 (1974).

■ This court being bound by orders of the New Mexico Supreme Court and being urged to overrule an order of that court and a significant question of law under the constitution of the United States and the constitution of New Mexico being present:

It is, therefore, ordered that this cause be certified to the New Mexico Supreme Court under the authority of Section 16–7–14(C), N.M.S.A.1953 (Repl. Vol. 4).

DATED: December 11, 1974
(s) Lewis R. Sutin, J.

(s) B. C. Hernandez, J.

WOOD, Chief Judge.

By this certification, two judges of the Court of Appeals are attempting to require the Supreme Court to review its order extending the time for trial in this case. Since Court of Appeals judges have no such authority, I do not agree to the certification.

(s) Joe W. Wood
Chief Judge