536 P.2d 278
**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Gilbert Arthur ALDERETE, Defendant-Appellant.**
**No. 1646.**

Court of Appeals of New Mexico.
May 14, 1975.

Harry N. Relkin, Louis G. Stewart, Jr., Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, Lanny D. Messersmith, Charles E. Roybal, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of possession of heroin. Section 54–11–23, N.M.S.A. 1953 (Repl. Vol. 8, pt. 2, 1973 Supp.). He appeals. We affirm.

Defendant was first arrested on a criminal complaint for assault with intent to murder. The police officer "patted him down for a weapon", did not find any, put cuffs on him and put him in the back seat of the car. After he was taken to the booking desk at the police station, he was searched and heroin was found on him.

A. *The arrest was legal.*

 Defendant moved to suppress the evidence on the grounds that the arrest warrant was not based on probable cause, and, therefore, the subsequent search and seizure was unlawful. The motion was denied.

The arrest warrant was based on the following affidavit of the detective who signed the complaint.

Affiant states that he is a full time law enforcement officer with the Albuquerque Police Department and that he has examined the official police reports from the Albuquerque Police Department on the above incident and is informed and therefore believes that on November 2, 1973 the Defendants Lorenzo Sedillo and Gilbert Alderette did enter the dwelling at 426 Parkway S. W. while armed with a deadly weapon, to wit: a firearm and did shoot John Rascon. Further, that John Rascon did suffer nine bullet wounds. Affiant further states that Rascon did identify the Defendants as the assailants to both officer G. Cadena and Detective G. Fisk.

Before an arrest warrant may be issued, the magistrate issuing it "must be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant." State v. Gorsuch, 87 N.M. 135, 529 P.2d 1256 (Ct.App.1974). See § 41–23–14(c), N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1973). The test for "probable cause" is whether the police officer has reasonable grounds for belief of defendant's guilt. State v. Sanchez, 82 N.M. 585, 484 P.2d 1295 (Ct.App.1971).

What constitutes reasonable grounds for belief? It is a state of facts that would lead the police officer, "as a man of reasonable caution," to believe the defendant committed the crime for which he is arrested. State v. Sanchez, supra, 82 N.M. at 587, 484 P.2d at 1297. See, also, State v. Loyd, 92 Idaho 20, 435 P.2d 797 (1967); People v. Montano, 184 Cal.App.2d 199, 7 Cal.Rptr. 307 (Ct.App.2nd Dist.1960).

In the instant case, the facts came from official police reports. "It is well settled that police officers may rely on information coming to them from official sources [citations omitted] as well as other known reliable sources [citations omitted]." People v. Schellin, 227 Cal.App.2d 245, 38 Cal. Rptr. 593, 597 (Ct.App.1st Dist.1964), cert. denied, 379 U.S. 1003, 85 S.Ct. 726, 13 L.Ed. 2d 704 (1965); People v. Melchor, 237 Cal. App.2d 685, 47 Cal.Rptr. 235 (Ct.App.1st Dist.1965).

A telephone call, followed by a letter, received by the police department from the Federal Bureau of Investigation and connecting the defendant with the crime, was held to be information coming from a responsible official source, and, therefore,

it was sufficient to constitute probable cause and reasonable grounds for arrest. Walker v. State, 237 Md. 516, 206 A.2d 795 (1965).

In the instant case, the affidavit discloses that the police reports revealed to the affiant detective that the victim identified defendant as one of two men who shot him. This identification would have provided probable cause if given directly to the affiant detective. United States v. Smith, 467 F.2d 283 (9th Cir. 1972), cert. denied, 410 U.S. 912, 93 S.Ct. 974, 35 L.Ed.2d 274; Jackson v. State, 470 S.W.2d 201 (Tex. Cr.App.1971), cert. denied, 405 U.S. 1068, 92 S.Ct. 1512, 31 L.Ed.2d 798; Allison v. State, 62 Wis.2d 14, 214 N.W.2d 437 (1974), cert. denied 419 U.S. 1071, 95 S.Ct. 659, 42 L.Ed.2d 667. The fact that the affiant detective's information was double hearsay did not keep that information from providing probable cause. State v. Perea, 85 N.M. 505, 513 P.2d 1287 (Ct.App.1973).

The arrest warrant was based on probable cause. It was a legal arrest and the heroin seized was admissible in evidence.

B. *The evidence was probable and believable.*

Defendant contends that the evidence was inherently improbable and unbelievable, and that the conviction denied defendant due process of law. The fact that the police did not find heroin on the defendant's person until they arrived at the station house, merely discloses "unusual circumstances". A pat-down search at the scene of arrest might not disclose small packets of heroin, whereas an inventory, or booking search, more likely would. The falsity of the evidence can be demonstrated only by resort to inferences which are unsupported in the record. Therefore, this claim has no merit. See, State v. Till, 78 N.M. 255, 430 P.2d 752 (1967).

Affirmed.

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.