540 P.2d 1324

STATE of New Mexico, Plaintiff-Appellee,

v.

Charles CARTER, Defendant-Appellant.

No. 1537.

Court of Appeals of New Mexico.

Sept. 10, 1975.

Louis G. Stewart, Jr., Harry N. Relkin, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Jay F. Rosenthal, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

Defendant was indicted and convicted on two counts of armed robbery in violation of Section 40A–16–2, N.M.S.A. 1953 (2d Repl.Vol. 6, Supp. 1973), and one count of rape in violation of Section 40A–9–2, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973). He appeals alleging two points of error. We affirm.

■ Defendant's first point of error is that the trial court erred in refusing to dismiss the indictment because he was not brought to trial within six months in violation of the Sixth Amendment of the United States Constitution and Article II, § 14 of the New Mexico Constitution and Rule 37 of the Rules of Criminal Procedure, § 41–23–37, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973). Under this point defendant contends that the extension of time for commencing prosecution granted by our Supreme Court was invalid because the mandatory requirements of notice, hearing and a showing of good cause as provided by Rule 37 were not met and that this constitutes a denial of due process. Defendant further contends that the Supreme Court's consideration of such an extension constitutes a "critical state" of the pre-trial proceedings and that he was entitled to representation of counsel thereat; he argues that failure to appoint counsel to represent him at this stage was also a denial of due process. A majority of the panel assigned to the appeal in this court believed that defendant's first point presented two ostensibly valid and demonstrably fundamental constitutional issues. However, a review of those issues would have involved our review of the Supreme Court's order granting the extension, and that we are

prohibited from doing. *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973); *State v. Sedillo,* 86 N.M. 382, 524 P.2d 998 (Ct.App.1974). We therefore certified the appeal to the Supreme Court for its review of the procedure involved in granting the extension. *State v. Carter,* 87 N.M. 41, 528 P.2d 1281 (Ct.App.1974). The Supreme Court has now remanded the cause to us with directions to abide by its order granting the extension. We accordingly abide.

Defendant's second point is that his warrantless arrest was illegal for lack of probable cause and that, therefore, the confession obtained from him was inadmissible, "since it was the fruit of the illegal arrest."

The defendant was arrested in Philadelphia, Pennsylvania, on April 11, 1972 at a bus station by officers from that city's police department. On April 10, 1972, a Detective Dryden of the Phoenix, Arizona police department had spoken to Sergeant Mallet of the Philadelphia department by telephone. Dryden gave Mallet the name and address of the defendant and another man and told him that the two were fugitives from charges stemming from an armed robbery which had occurred in Phoenix on April 7, 1972. Defendant contends the Philadelphia police lacked sufficient probable cause for making the arrest because the Philadelphia police had no information independent of their communications with Phoenix and that the information which the Phoenix police did supply fell short of establishing probable cause in that it set forth no ground for regarding the information reliable or credible.

■ Even assuming the validity of defendant's contention, we fail to see how it might benefit his case because we believe the law is clear that the Philadelphia police were entitled to act on the Phoenix police department's request and to assume that Phoenix had probable cause for making it. Thus, the suppressibility of defendant's confession to New Mexico crimes during his detention in Philadelphia depends upon

whether the Phoenix police had probable cause to arrest the defendant for crimes they thought he had committed in Arizona. *Whiteley v. Warden of Wyoming Penitentiary,* 401 U.S. 560, 91 S.Ct. 1031, 28 L. Ed.2d 306 (1971); *State v. Alderete,* 88 N.M. 14, 536 P.2d 278 (Ct.App.1975); *State v. Gorsuch,* 87 N.M. 135, 529 P.2d 1256 (Ct.App.1974). Defendant has not and does not contend that the Phoenix police lacked probable cause to arrest the defendant for crimes committed in Arizona.

We believe defendant's arrest by the Philadelphia police was lawful.

The judgment and sentence entered below are affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.