This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39081**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**PATRICK MARTINEZ,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene Marsh, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John J. Woykovsky, Assistant Attorney General
Albuquerque, NM

for Appellee

Tyson Quail
Farmington, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Defendant Patrick Martinez pleaded guilty to one count of sexual exploitation of children (possession), contrary to NMSA 1978, Section 30-6A-3(A) (2016). Defendant now appeals his conviction based on the district court's denial of his motion to exclude evidence premised on violations of *Brady v. Maryland*, 373 U.S. 83 (1963). We affirm.

**BACKGROUND**

**{2}** In February of 2018, Detective Erik Barlow of the San Juan County Sheriff's Office (SJCSO) received a report from Federal Bureau of Investigation (FBI)agent Kevin Matthews. The report detailed an undercover investigation in which an internet user had shared child pornography with Agent Matthews. Matthews identified the user's internet provider address and served the internet provider with an administrative subpoena. The internet provider reported that the physical location associated with the internet provider address was Defendant's place of business. Detective Barlow subsequently obtained a federal grand jury subpoena return that identified Defendant as the person associated with the IP address and the physical location provided by Agent Matthews. Barlow secured and executed search warrants for Defendant's business and home. Barlow discovered child pornography on devices seized during those searches. Defendant was then arrested and charged with one count of sexual exploitation of children (distribution), contrary to Section 30-6A-3(C), and one count of sexual exploitation of children (possession), contrary to Section 30-6A-3(A).

**{3}** Defendant filed a motion in limine to bar evidence, arguing that the State had not complied with its discovery obligations under Rule 5-501(A)(3) NMRA and that all of State's evidence should be barred from introduction at trial. The district court held an initial hearing on that motion, during which the prosecution admitted that it had not turned over any materials from the FBI, including the report provided by Agent Matthews to Detective Barlow. The prosecution stated that it did not have access to the FBI's investigative materials, and the SJCSO was forbidden from turning over Agent Matthews's report due to a confidentiality agreement with the FBI. In response, the Court ordered that "all information and material evidence held by the San Juan County Sheriff's Office or the Federal Bureau of Investigation regarding the investigation of [Defendant] and this case, specifically including *Brady* type evidence, be turned over to, or otherwise made available to, the Defense and its experts."

**{4}** Despite this order, Detective Barlow refused to produce Agent Matthews's report. The State reported that the FBI was similarly noncompliant. The district court then ordered Defendant to brief his original motion in limine for full consideration. The State subsequently dismissed the distribution charge before the district court ruled on Defendant's motion. After receiving Defendant's briefing, which argued that the State impermissibly violated constitutional disclosure obligations under *Brady*, the court denied the motion. Defendant conditionally pleaded guilty to the possession charge pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), reserving the right to challenge the district court's denial of his motion in limine, and now appeals.

**STANDARD OF REVIEW**

**{5}** An alleged *Brady* violation presents a legal question of whether the prosecution violated the requirements of due process. *State v. Worley*, 2020-NMSC-021, ¶ 15, 476

P.3d 1212. We review claims involving procedural due process violations de novo.[1] *Id.* ¶ 16.

## DISCUSSION

**{6}**     Defendant argues that the State's failure to produce Agent Matthews's report and investigative materials violates constitutional disclosure requirements under *Brady*. In order to establish a *Brady* violation, the defendant must prove three elements: (1) "the evidence was suppressed by the prosecution"; (2) "the suppressed evidence was favorable to the defendant"; and (3) the evidence "was material to the defense." *Turrietta*, 2013-NMSC-036, ¶ 35.

**{7}**     After reviewing the record, we find no indication that the prosecution suppressed *Brady* material. The district court found that "[t]he evidence the [S]tate identifies it intends to present as to . . . sexual exploitation of children by possession, was retrieved by search warrant from Defendant's computer at the car dealership and/or from Defendant's cell phone in Defendant's possession on the day he was arrested." The district court concluded that "[t]he [S]tate has disclosed all of the evidence it intends to introduce at trial as to [the possession charge], the only count the [S]tate is pursuing." The district court noted, and the parties acknowledge, that the only materials not disclosed to Defendant are the FBI's investigative materials.

**{8}**     Even if the State had the FBI investigative materials in its custody or control—a matter the State disputes on appeal—Defendant has not established that those materials were either favorable or material to his defense. *See State v. Huerta-Castro*, 2017-NMCA-026, ¶ 39, 390 P.3d 185 (analyzing whether suppressed evidence met the favorability requirement under *Brady*); *see also State v. Balenquah*, 2009-NMCA-055, ¶¶ 12-15, 146 N.M. 267, 208 P.3d 912 (assuming the suppression and favorability elements were established and then analyzing the materiality element).

**{9}**     First, Defendant has not shown, and the record does not demonstrate, that Agent Matthews's report or the FBI investigative materials would have been favorable to his defense. "Evidence is 'favorable to an accused' if its disclosure and effective use 'may make the difference between conviction and acquittal' regardless of whether such evidence is impeachment evidence or exculpatory evidence." *Worley*, 2020-NMSC-021, ¶ 23 (quoting *United States v. Bagley*, 473 U.S. 667, 676 (1985)). In this case, Detective Barlow's search warrant affidavits state that Agent Matthews reported that he had engaged in a chat conversation with Defendant during which Defendant provided Matthews with access to child pornography. Given that Defendant pleaded guilty to possession of child pornography—a charge stemming from material the SJCSO found on Defendant's computer and phone after executing a search warrant—we fail to see how a report detailing Defendant's distribution of illicit material to a federal law

---

1We note that our Supreme Court has also reviewed *Brady* claims under an abuse of discretion standard. *See State v. Turrietta*, 2013-NMSC-036, ¶ 35, 308 P.3d 964. Given that this case implicates Defendant's procedural due process rights under *Brady*, we apply the *de novo* standard used in *Worley*.

enforcement official would have any impeachment or exculpatory value regarding the charge on which Defendant was ultimately convicted.

**{10}** The same point bears on the third *Brady* element of materiality. Because the State dismissed the distribution charge, only evidence material to the remaining possession charge would be subject to disclosure under *Brady. See Worley*, 2020-NMSC-021, ¶ 27 ("Materiality only exists if the suppressed evidence creates a reasonable doubt that did not otherwise exist." (internal quotation marks and citation omitted)). In its order denying Defendant's motion, the district court concluded that the State had disclosed all of the evidence it intended to introduce to prove the possession charge at trial. The court further noted that Defendant, having received all of the State's trial evidence, essentially sought an opportunity to evaluate the FBI investigative materials in the hope of uncovering material evidence. While the court acknowledged that Defendant was entitled to *Brady* disclosures, the court concluded that Defendant did not meet his burden to show that the FBI materials were material to the possession charge.

**{11}** We agree with the district court's analysis. We have held that evidence satisfies the materiality element when there is "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Balenquah*, 2009-NMCA-055, ¶ 13 (internal quotation marks and citation omitted). Here, the FBI materials may have been material to the distribution charge under Section 30-6A-3(C), but the State dismissed that charge, acknowledging that it would not be permitted to introduce the FBI materials at trial and if the distribution charge required such evidence, it must be dismissed. Defendant has not argued how the FBI materials were material to the remaining possession charge, *see* § 30-6A-3(A) (requiring proof that a defendant "intentionally possess[ed]" child pornography) *and* UJI 14-631 NMRA (defining the elements of sexual exploitation of children and possession), nor has he discussed this evidence in relation to the record as a whole. *See Balenquah*, 2009-NMCA-055, ¶ 13. Undertaking that evaluation, we are not persuaded that disclosure of the FBI materials would have led to a different result in this proceeding. *See State v. Baca*, 1993-NMCA-051, ¶ 21, 115 N.M. 536, 854 P.2d 363 (citing *Bagley*, 473 U.S. at 682). The State could facially prove the possession charge without any of the FBI materials, given that SJSCO officers found illicit images and videos in Defendant's possession after executing two search warrants, neither of which Defendant challenges as invalid. *See State v. Alderete*, 1975-NMCA-058, ¶ 9, 88 N.M. 14, 536 P.2d 278 (stating that "[a] telephone call, followed by a letter, received by the police department from the Federal Bureau of Investigation and connecting the defendant with the crime, was held to be information coming from a responsible official source, and, therefore, it was sufficient to constitute probable cause"). And Defendant does not explain how the FBI materials would have undermined the State's evidence.

**{12}** In sum, Defendant has not shown that the FBI materials were favorable or that they would have created a reasonable probability that he would not have been convicted. Consequently, Defendant has not established a *Brady* violation.

**{13}** Finally, we briefly address Defendant's contention that access to Agent Matthews's report and investigative materials would have allowed Defendant to prove that Matthews engaged in an unconstitutional search. Defendant alleges that the FBI used an "undisclosed method of reporting IP addresses" in its investigation, and failure to disclose the investigative method amounts to a constitutional violation. The district court rejected Defendant's argument as pure speculation, noting that Defendant provided no testimony or evidence supporting this allegation. Defendant renews this argument on appeal, and we reject it for the same reason—Defendant's speculation is insufficient to establish either a *Brady* violation or an actual violation of his constitutional rights. Accordingly, we decline to reverse the district court on this ground.

## CONCLUSION

**{14}** The district court's denial of Defendant's motion in limine to bar evidence and the Defendant's conviction are affirmed.

**{15}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**GERALD E. BACA, Judge**