## THOMAS CARTER HUNDLEY *v.* STATE OF MARYLAND

[No. 165, September Term, 1967.]

*Decided March 20, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-
SON, MORTON, ORTH and THOMPSON, JJ.

*Edward J. Birrane, Jr.,* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were
*Francis B. Burch, Attorney General, Charles E. Moylan, Jr.,
State's Attorney for Baltimore City,* and *C. A. Herndon, Jr.,
Assistant State's Attorney for Baltimore City,* on the brief for
appellee.

PER CURIAM.

The Appellant, Thomas Carter Hundley, was convicted of illegally possessing narcotics by Judge J. Harold Grady, sitting without a jury, in the Criminal Court of Baltimore, and sentenced to two years under the jurisdiction of the Department of Correction.

In this appeal, the Appellant contends that (1) evidence obtained by a search of his person at the time of his arrest was improperly admitted since there was no probable cause for his arrest, and (2) the lower court's refusal to compel the State to identify an informant was prejudicial error.

The record indicates that Officer Daniel Davis of the Baltimore City Police Department, accompanied by other officers, arrested the Appellant, without a warrant, in the vicinity of the 1500 block of Pennsylvania Avenue in the City of Baltimore on February 21, 1967 at approximately 4:45 P.M.

A preliminary search of the Appellant's person, conducted at the scene of the arrest, produced no incriminating evidence. Because of the cold weather and the excessive amount of clothing worn by the Appellant,[1] the Officers decided to take him to the office of the Narcotics Unit, where a more thorough search revealed twenty-nine gelatine capsules containing heroin hydrochloride concealed near the Appellant's waistline.

Officer Davis further testified that he and another police officer received information concerning the Appellant's purported activities from a known and reliable police informer, who had furnished reliable information since 1960, and who had been responsible for the conviction of four narcotic offenders whose names he was prepared to reveal.

The information concerning the Appellant was given to the police on February 20, 1967, and indicated that the Appellant was actively engaged in the sale of narcotics in the vicinity of the 1500 block of Pennsylvania Avenue and that he could be found at that location at almost any time. The informer also indicated that the Appellant kept the narcotics in the waistband of his trousers. Additionally, the Appellant was known by Officer Davis as an addict and user of narcotics.

---

1. Appellant was wearing two pairs of trousers, two sweaters, a T-shirt and a heavy outer coat.

On cross examination Officer Davis was asked to reveal the name and address of the informer.[2] An objection was interposed by the State and the matter was taken under advisement. Subsequently, the trial judge asked defense counsel if there was any evidence which the Appellant desired to offer bearing on the question of the necessity for revealing the informer's identity. The Appellant then took the stand for this limited purpose and stated that he did not have "the slightest idea" who had given the information to the police. He further stated that although he lived in the Cherry Hill section of South Baltimore, he was in the neighborhood of Pennsylvania Avenue on the day of his arrest for the purpose of obtaining a haircut. He denied frequenting the area and also denied having heroin regularly in his possession. He admitted knowing Officer Davis and acknowledged that the officer knew him to be a user of narcotics.

The trial judge, after noting the testimony regarding the reliability of the informant, found that the officers had probable cause to arrest the Appellant and admitted the evidence seized from his person. The trial court further ruled, after reviewing all the testimony, that disclosure of the informant's identity was not "necessary and material to the defense." We agree with both rulings of the trial judge.

## I.

It is now well established that information furnished to a law enforcement officer by an informer, together with the officer's personal knowledge, may serve as the basis of sufficient probable cause for a warrantless arrest and search if the trial court is informed "with specificity what the informer actually said, and why the officer thought the information was credible", and the court is satisfied such information was sufficiently reliable and reasonably trustworthy to give the officer, as a prudent man, probable cause to believe that the accused had committed or was committing an offense. *McCray v. Illinois,* 386 U. S. 300, 304; *Draper v. United States,* 358 U. S. 307; *Brinegar v. United States,* 338 U. S. 160, 175-176.

---

2. Prior to trial the Appellant had endeavored, unsuccessfully, to obtain the name of the informer by a Supplemental Motion for Discovery.

Here the trial court had before it the officer's testimony in which he related the specific information given to him by the informer, the officer's reasons for considering the information reliable and the officer's personal knowledge that the Appellant was an addict. Since it is evident that the court was satisfied as to the reasonable trustworthiness of the informer's information, it properly held that there was probable cause for the arrest. Accordingly, it was not error to admit the evidence taken from the Appellant as a result of the search incident to the arrest.

## II.

In support of his contention that it was prejudicial error to deny him the name of the informer, the Appellant argues that the holding in *Drouin v. State,* 222 Md. 271, is controlling. We do not read *Drouin* in that light. In fact, *Drouin* simply states the converse of the rule discussed above and a new trial was there granted because "the trial judges did not purport to decide whether the names of the informers were material to the defendant's defense or the determination of the issue of probable cause." The court went on to say (p. 287) :

> "The evidence without the informers' communications was insufficient to establish probable cause for the defendant's arrest. * * * The officer did not state that he knew the informers to be reliable people, that they had ever furnished reliable information before nor anything else about them other than they were neighbors of the accused. * * * [I]f an officer be allowed to establish the probable cause for making an arrest by hearsay information that is alleged to have been received, without a thorough inquiry by the trial judge to satisfy himself of the reasonableness of the officer's reliance on the informers, or any requirement that his source of knowledge be disclosed, or possibility that the hearsay evidence will be rebutted, it places very precious rights of the individual in serious peril."

As indicated above, the trial judge here made a thorough inquiry to satisfy himself of the reasonableness of the officer's reliance on the informer's information and made an express find-

ing that revelation of the informer's identity was not necessary or material to the Appellant's defense. Thus, the trial judge meticulously complied with the mandate of *Drouin*.

Finally, the Appellant's contention that he was entitled to the informer's name through his Supplemental Motion for Discovery is without merit since "there is nothing in Maryland Rule 728 which requires the State to include the name and address of an informer in its answer to a motion for discovery." *Lee v. State*, 235 Md. 301, 304.

*Judgment affirmed.*