## JAMES THOMAS GREEN, JR. *v.* STATE OF MARYLAND

[No. 170, September Term, 1969.]

*Decided December 12, 1969.*

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Donald Daneman* and *John D. Hackett* for appellant.

*Gilbert Rosenthal, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Charles Bernstein, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellant was convicted at a court trial of possessing and controlling heroin and cocaine and sentenced to four years imprisonment. He contends on this appeal that as he was illegally arrested, the search of his person and seizure therefrom of narcotics was likewise illegal; and that the admission of such narcotics in evidence at his trial, over his objection, constituted reversible error.

To prove the legality of the arrest, the State showed through the testimony of a qualified narcotics investigator, Detective John Sewell, that on October 16, 1968 he received information from a known, police-paid informer that appellant was selling cocaine and heroin in the area of Gilmor Street and Edmondson Avenue in Baltimore City. Sewell stated that he had known the informer for approximately seven months prior to the day of appellant's arrest on October 16, 1968; that the informer came to police headquarters daily to supply information about narcotics violations; that over the seven-month period, the informer had given him consistently reliable information which enabled police to initiate investigations in over one hundred cases and to obtain, to date, convictions in thirty or forty such cases involving the most flagrant narcotics violators; and that the informer had also given information which led to the issuance of approximately twenty search warrants and the seizure thereunder of narcotics in approximately eighteen such

cases. Sewell testified that his informer was a narcotics user; that he was on a "first name and nickname basis with narcotic peddlers and users throughout the Baltimore City area;" and that prior to the day of appellant's arrest, the informer told him that appellant had been selling narcotics. Upon receiving information from the informer on October 16, 1968 that appellant was at that time selling narcotics, Sewell and other officers went with the informer to the area of Edmondson Avenue and Gilmor Street. Sewell testified that the informer gave him a detailed description of the appellant; that he observed appellant in the area; that the informer was then directed to inquire of appellant whether he had narcotics for sale; that the informer did so as the police watched from a distance; and that the informer immediately thereafter returned and said appellant did have narcotics at that time for sale. The police then arrested appellant and a search of his person uncovered a large quantity of cocaine and heroin.

It is well settled that where, as here, the arrest is initiated on hearsay information received from an informer, the State, to establish its legality where challenged, must sufficiently inform the trial judge of some of the underlying circumstances from which the informer concluded that a crime was being or had been committed by the person to be arrested, and some of the underlying circumstances from which the police concluded that the informer was credible or his information reliable. The trial judge held that the State's evidence clearly satisfied this test. We agree. See *McCray v. Illinois*, 386 U. S. 300; *Beck v. Ohio*, 379 U. S. 89; *Draper v. United States*, 358 U. S. 307; *Wells v. State*, 236 Md. 381; *Murray v. State*, 236 Md. 375; *Watkins v. State*, 7 Md. App. 151; *Cornish v. State*, 6 Md. App. 167; *Rollins v. State*, 5 Md. App. 495; *Mullaney v. State*, 5 Md. App. 248; *Hundley v. State*, 3 Md. App. 402.

Appellant also contends that the evidence was insufficient to justify his conviction for selling narcotics. Had appellant been convicted of that offense, we might agree

with him. The record discloses, however, that he was neither charged with selling narcotics nor convicted of that offense; rather, he was charged with and convicted of the possession and control of heroin and cocaine. That there was legally sufficient evidence to support these convictions is abundantly clear from the record.

*Judgments affirmed.*