UNITED STATES of America ex rel.
Samuel SAIKEN, Petitioner,

v.

Richard J. ELROD, Sheriff of Cook County, Illinois, and/or Winston E. Moore, Executive Director of Department of Corrections of Cook County, Illinois, Respondents.

No. 72 C 1097.

United States District Court,
N. D. Illinois, E. D.

Sept. 28, 1972.

On Motions to Vacate and to Stay
Oct. 17, 1972.

Peter Georges, Chicago, Ill., for petitioner.

Edward V. Hanrahan, State's Atty., William J. Scott, Atty. Gen., Chicago, Ill., for respondents.

## DECISION and ORDER

McMILLEN, District Judge.

Petitioner was convicted of conspiracy to obstruct justice and is incarcerated in the Illinois State Penitentiary. He has filed an amended petition for writ of habeas corpus on the ground that the evidence by which he was convicted was obtained by a search warrant issued in violation of his rights under the Fourth Amendment to the United States Constitution. The evidence was the body of a murdered girl buried on petitioner's farm.

The affidavit for search warrant stated as follows:

"State of Indiana ⎱ ss: County of Porter ⎰

Before the Hon. Harry Estler, Justice of the Peace

In the matter of a search for a dead human body believed to have been illegally procured.

Docket 25, Page 420, Cause No. 10–229

HARRY YOUNG swears that by virtue of information voluntarily conveyed to him by one JOEL SAIKEN on Tuesday, the 18th day of February, 1969, affiant has good reasons to believe, and does believe, that a dead human body, to-wit: female approximately seventeen (17) years of age is secreted in and about the following real estate in Porter County, Indiana:

The East ½ of the Southeast ¼ of the Southwest ¼ of Section 17, Township 37 North, Range 5 West of the Second Principal Meridian, containing about 20 acres more or less,

said real estate being the property of Sam D. and Minnie Saiken, said dead body being secreted in the following place and manner, to-wit: buried beneath the ground behind the goose house on said premises, originally buried under or near a manure pile located behind or near the goose house on said premises, said manure pile subsequent thereto having been removed.

Under and according to the provisions of Acts 1905, page 169, paragraph 61, the same being codified at Burns, Indiana Statutes 9–607 [IC 1971, 35–1–6–6], that the Honorable Judge of this Court, taking with him such constables and police officers as he shall designate, enter, inspect and search said premises for such dead female human body as soon as may be reasonably convenient to said Court and said judge.

Further affiant sayeth not.

HARRY YOUNG
Harry Young, Affiant

Subscribed and sworn to before me, on this 19th day of February, 1969.

HARRY W. ESTLER
Justice of the Peace

My Commission expires 12–31–71."

The sufficiency of the contents of this warrant must be tested basically by the holding in Aguilar v. United States, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). In that case the Supreme Court said at p. 114, 84 S.Ct. at p.　:

. . . the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be

disclosed, . . . was "credible" or his information "reliable."

■ The crucial tests for the case at bar are (1) whether the magistrate had sufficient reason to believe that the informant supplied facts, not speculations, and (2) whether the officer and issuing magistrate had sufficient reason to believe that the informant was reliable. It makes no difference, under *Aguilar*, whether or not the informant's identity is disclosed, although disclosure may enforce credibility and reliability.

■ Applying these constitutional tests to the warrant in the case at bar, it is clear that the Justice of the Peace was not afforded reasonable grounds for issuing the warrant. There is nothing on the face of the warrant to show the credibility of the informant, "one Joel Saiken", and insufficient basis on the face of the warrant to ascertain that the information contained therein is reliable and not merely speculative. There is a similarity of last names and apparent intimacy with the facts, but for all that appears in the document, its contents could be pure fantasy.

■ It is apparent that the Justice of the Peace must have issued the search warrant because of knowledge or information which he obtained outside of the four corners of the document. Either he knew or was told or surmised that the informant was the defendant's son and therefore may have been reliable. Also he must have known or surmised that the informant was involved in a crime and was making an admission against his interest in the affidavit. Further, he must have surmised that the informant had been on the scene when the body was buried or had received this information from a reliable source, such as his father. None of this appears from the face of the warrant, however, and therefore none of it can properly be considered in determining the reasonableness of the Justice of the Peace's determination of probable cause.

See Spinelli v. United States, 393 U.S. 410, 415, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

The Illinois Suprême Court considered all of these extraneous facts when it held the search warrant to be constitutionally valid in People v. Saiken, 49 Ill.2d 504, 275 N.E.2d 381 (1971), cert. den. 405 U.S. 1066, 92 S.Ct. 1499, 31 L.Ed.2d 796 (1972). It did not limit itself, as the magistrate must, to the matters appearing on the face of the document. Unfortunately, and reluctantly, therefore we must respectfully differ with its decision.

We say it is unfortunate that we must disagree with the Illinois Supreme Court, because petitioner was convicted of the crime which was undoubtedly committed and that conviction has been affirmed. He was convicted partly by the fruits of the illegal warrant, however, after his motion to suppress was denied.

■ A search warrant cannot be tested by hindsight resulting from the search or from trial, but must be tested by the information which it presented to the magistrate before he issued it. Since the warrant was insufficient and merely speculative, it resulted in an unreasonable search of the petitioner's private property. A violation of his rights under the Fourth Amendment to the United States Constitution vitiates the trial in the state court. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed. 2d 726 (1963).

■ Petitioner has exhausted his remedies under Illinois law, as required by 28 U.S.C. § 2254(b), by obtaining a final ruling on the validity of the search warrant by the highest court in the State. He need not, therefore, prosecute a post-conviction petition before seeking relief in this court. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, reh. den. 345 U.S. 946, 73 S.Ct. 827, 97 L.Ed. 1370 (1953).

The petition for writ of habeas corpus is granted.

## ON MOTIONS TO VACATE AND TO STAY

The court has carefully considered the defendants' motion to vacate the order of September 28, 1972 or to stay the mandate and has examined the cases cited in the defendants' motion. These cases in many instances involve arrests without warrants, usually followed by searches. For this reason, among others, they do not control the decision in the case at bar.

The most persuasive decision cited by defendants appears to be United States v. Nasse, 432 F.2d 1293, 1300 (7th Cir. 1970). That case is rather difficult to reconcile with the cases relied upon by the court in the case at bar, but if a choice must be made, we obviously must abide by· the decisions of the United States Supreme Court. Furthermore a somewhat more adequate warrant was involved in the Nasse case.

To summarize the requisites for a valid warrant, we can do no better than to quote from the opinion in United States v. Ventresca, 380 U.S. 102 at p. 109, 85 S.Ct. 741, at p. 746, 13 L.Ed.2d 684:

> Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police. However, where these circumstances are detailed, where reason for crediting the source of the information is given, and when a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner.

See also United States v. Roth, 391 F.2d 507 (7th Cir. 1967).

The motion to vacate and the motion to stay are denied. The motion to amend the caption will be granted if and when an appearance is filed on behalf of the proper State officials.