THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARK BOLENDER et al., Defendants-Appellants.

(No. 73-179; )

Second District—November 27, 1974.

*Supplemental opinion upon denial of rehearing filed January 17, 1975.*

Charles S. Wilson, III, and Charles W. Toomey, both of Waukegan, for appellants.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz and Charles D. Sheehy, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendants, Mark Bolender, James Fassbinder and James Lindley, were charged in a two count indictment with possession of more than 500 grams of a substance containing cannabis, more commonly known as marijuana, in violation of the Cannabis Control Act (Ill. Rev. Stat. 1971, ch. 56½, par. 704(e)) and with possession of more than 30 grams of lysergic acid diethylamide, more commonly known as LSD, in violation of the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1402(a)(8)). They waived a jury, were tried by the court, were found guilty and each of the defendants was sentenced to the penitentiary for a term of not less than 4 and not more than 6 years.

The sole issue raised in this appeal concerns the sufficiency of the complaint for search warrant issued on March 21, 1972, by Judge Robert McQueen. The basis of the search warrant was established by the arrest of an informer who advised the sheriff that he had purchased the three bags of marijuana at the residence of the defendants. The informer further advised the sheriff that he had bought marijuana there four or five times before from "Mark." The complaint for the search warrant reads as follows:

"COMPLAINT FOR SEARCH WARRANT

Now comes your affiant, THOMAS BROWN, of the Lake County Sheriff's Office, being first duly sworn on oath according to the law of the State of Illinois and under oath does hereby complain to and informs this date, March 21, 1972, in the County of Lake, State of Illinois, that MARK, last name being unknown at this time, an individual approximately six foot in height, weight approximately 160 pounds, with long light brown hair, does have in his personal and constructive possession within that one-story dark brown, wood frame house with blue shingled roof located on the west side of Cedar Lake Road, more commonly known as 1618 Cedar Lake Road, Lake County, Round Lake Beach, Illinois, and within the said premises there is now being concealed certain property, to-wit: Cannabis Sativa L, more commonly known as

Marijuana, and possession of the aforementioned property is in violation of Chapter 56½ of the Illinois Revised Statutes of 1971. And that such information is based upon his interrogation and investigation specifically but not limited to the interrogation by your affiant of an informant who has been arrested and charged with Possession of Marijuana at 2:00 p.m. this 21st day of March, 1972, who has informed your affiant approximately fifteen minutes prior to the time of the arrest he was at the above described location and premises and had purchased from MARK, last name being unknown at this time, described as above, over thirty (30) grams of Marijuana. And further that the informant on four or five prior occasions has purchased Marijuana from the same person at the same premises. On each of these five or six occasions the informant has made the purchases without placing any prior orders for the Marijuana and on this particular occasion, the 21st day of March, 1972, the informant when he purchased three (3) plastic bags of Marijuana heard the rustling of numerous plastic bags at the time the above-described MARK brought the three (3) plastic bags of Marijuana from another room, and further that the said possession by MARK is unlawful as set forth in Chapter 56½ of the Illinois Revised Statutes, of 1971.

Your affiant further states that he believes from said interrogations and investigations that the said MARK, described above, does have in his possession and concealed in the above described premises the described items mentioned herein.

WHEREFORE, your affiant prays that a Search Warrant may be issued according to the law.

/s/ Thomas Brown
THOMAS BROWN
Lake County Sheriff's Department"

The evidence discloses that on March 21, 1972, Sergeant Thomas S. Brown of the Lake County Sheriff's office executed the above search warrant by going to the premises in question where he found the three defendants and read the search warrant to them. Three other deputies accompanied Sergeant Brown and the premises were searched. A considerable number of bags of marijuana, bricks of marijuana and LSD were found in various parts of the house in question. Defendants do not raise any question as to the amont of the marijuana and LSD recovered by the police officers in the search of the premises.

On April 20, 1972, the defendants filed a motion to quash the search warrant. The trial court conducted a hearing on the motion to quash and denied defendants' motion on June 8, 1972. Subsequently, on September

14, 1972, as indicated above, the court found the defendants guilty of unlawful possession of marijuana and unlawful possession of LSD.

The basic contention of the defendant is that the complaint for the search warrant does not indicate that the information received from the informant was credible or reliable. In support of this contention the defendant has cited *Giordenello v. United States* (1958), 357 U.S. 480, 2 L.Ed.2d 1503, 78 S.Ct. 1245. It is to be noted at the outset that *Giordenello* preceded the cases of *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L.Ed.2d 723, 84 S.Ct. 1509; *Spinelli v. United States* (1969), 393 U.S. 410, 21 L.Ed.2d 637, 89 S.Ct. 584; *United States v. Harris* (1971), 403 U.S. 573, 29 L.Ed.2d 723, 91 S.Ct. 2075. In *Giordenello* the affidavit of the complainant merely stated that Giordenello received and concealed narcotic drugs. The Supreme Court stated the complaint for the search warrant "does not indicate *any* sources for complainant's belief." *Giordenello* is not controlling under the facts of the instant case.

The controlling cases under the factual situation presented to us are *Aguilar*, *Spinelli* and *Harris*. Preceeding these three cases the United States Supreme Court had previously held in considering a complaint for a search warrant in *Jones v. United States* (1960), 362 U.S. 257, 4 L.Ed.2d 697, 80 S.Ct. 725, that "we concur therefor that hearsay may be the basis for a warrant." In *Aguilar v. State of Texas, supra,* the Supreme Court cited *Giordenello* and *Nathanson v. United States* (1933), 290 U.S. 41, 78 L.Ed. 159, 54 S.Ct. 11, and held that in *Aguilar*, as in *Giordenello* and *Nathanson*, the affidavit was the mere conclusion of the affiant and stated that "the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, [citation] was 'credible' or his information 'reliable'." (378 U.S. 108, 114.) The court went on to hold the affidavit did not provide a sufficient basis for a finding of probable cause.

In *Spinelli v. United States, supra,* the Supreme Court considered *Aguilar* and again held that the affidavit for the search warrant which therein contained the allegations that the informer was "reliable," with no other information, was not sufficient to establish probable cause, however, the court in a concurring opinion therein, Justice White stated, "But if, for example, the informer's hearsay comes from one of the actors in the crime in the nature of admission against interest, the affidavit giving this information should be held sufficient." 393 U.S. 410, 425.

In *United States v. Harris, supra,* the Supreme Court again considered the prior cases of *Aguilar, Nathanson, Jones* and *Spinelli.* In *Harris* the court considered an affidavit which contained a statement against the

informant's penal interest, to-wit: "These statements were against the informant's penal interest, for he thereby admitted major elements of an offense under the Internal Revenue Code." (403 U.S. 573, 583.) It can thus be seen that in this line of cases the Supreme Court of the United States has arrived at the conclusion that an affidavit based upon an informant's statement given to the affiant which is against the penal interest of the informant may suffice to establish the reliability and credibility of the informer upon which to base probable cause for the magistrate to issue the search warrant.

The Supreme Court of Illinois in *People v. Saiken* (1971), 49 Ill.2d 504, considered the cases above and found that a warrant issued upon the assertions of the informant which admitted his implication in a crime was sufficient to lend credence to what he said and that the search warrant issued on such statement to affiant was sufficient and established probable cause for the issuance of the search warrant.

In the case before us the informant was arrested at 2 o'clock in the afternoon and charged with the possession of narcotics. He stated that he had purchased the marijuana 15 minutes before from one "Mark" at the premises here in question. The affidavit of Officer Brown, based upon this information, was presented to the magistrate and the search warrant was issued thereon at 6:15 the same day.

We find that factually the statement of the informant was against his penal interest and, therefore, comes within the purview of *Harris, supra*. We find that factually there was sufficient basis for a finding of probable cause herein for the issuance of the search warrant based upon the officer's affidavit or complaint, in which he stated the informant was in possession of marijuana and had stated to him that he had not only purchased the marijuana in question 15 minutes before his arrest but that he had purchased it four or five times before from the same party at the same address.

■■ While it is true in the case before us that the informer had been arrested prior to making the statement as to where and from whom he had purchased the marijuana, we feel that the same principle applies as enunciated in *Harris, supra*. The informer who had been arrested obviously was not required to make any statement. Nonetheless, he did do so and advised the authorities from whom and where he had purchased the marijuana. We find that the statement was "against the informer's penal interest * * *" as it certainly could be used against him in any proceeding wherein he might be charged with possession of marijuana.

■■ Another issue to be disposed of is defendants' contention that the informant had "heard the rustling of numerous plastic bags" at the prem-

ises in question. Defendants contend that we should take judicial notice that plastic bags do not make rustling noises. This is not correct. Inasmuch as the defendant has raised the issue, we take judicial notice that plastic bags do, in fact, make rustling noises.

We, therefore, conclude that the complaint for a search warrant herein did in fact constitute probable cause for the issuance of a search warrant for the property in question.

The judgment of the trial court is affirmed.

Affirmed.

T. MORAN, P. J., and SEIDENFELD, J., concur.

## SUPPLEMENTAL OPINION

In our opinion herein we have cited *People v. Saiken* (1971), 49 Ill. 2d 504, 275 N.E.2d 381, *cert. denied*, 405 U.S. 1066, 31 L.Ed.2d 796, 92 S.Ct. 1499. In the petition for rehearing counsel for the defendants infers that this court's reliance on the case is unfounded because of the habeas corpus proceedings brought in the Federal court on behalf of the defendant, Samuel Saiken. We are familiar with the subsequent habeas corpus proceedings filed in the United States District Court, *United States ex rel. Saiken v. Elrod* (N.D. Ill. 1972), 350 F.Supp. 1156, and the appeal therefrom found in *United States ex rel. Saiken v. Bensinger* (7th Cir. 1973), 489 F.2d 865.

We did not, and we do not, feel that the Federal court proceedings in any way affects our decision in the instant case. In *United States ex rel. Saiken v. Bensinger, supra,* the Circuit Court of Appeals stated:

"We agree with the Supreme Court of Illinois that informant's disclosure of his participation in the burial would constitute an admission against his penal interest as well as an explanation of the manner in which he obtained his knowledge. 275 N.E.2d at 386-387. Our difficulty, however, lies in the fact that this information was not set forth in the affidavit * * *." (489 F.2d 865, 867.)

The affidavit for a search warrant in *Saiken* did not disclose the informant's participation in the crime. In the case before us the affidavit herein specifically states that the informant, who had been arrested for possession of marijuana 15 minutes before, advised the arresting officer as to the place of purchase and from whom he purchased the marijuana. We have stated that this is a statement against the informant's penal interest, and we adhere to that decision.

Petition denied.