CARLTON BARBER *v.* STATE OF MARYLAND

[No. 67, September Term, 1979.]

*Decided October 16, 1979.*

The cause was submitted on briefs to MORTON, THOMPSON and MOORE, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Martha Weisheit, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Kathleen M. Sweeney, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Leslie A. Stein, Assistant State's Attorney for Baltimore City,* for appellee.

THOMPSON, J., delivered the opinion of the Court.

Carlton Barber, the appellant, was convicted in the Criminal Court of Baltimore of possession of both heroin and marijuana with intent to distribute. He received a twenty year term for the heroin charge and a five year concurrent term on the marijuana charge. This appeal presents the sole issue of whether or not the search warrant was supported by probable cause. The affidavit was based on hearsay information supplied by an unidentified informant. Appellant contends that the search warrant was not supported by probable cause because the affidavit did not set forth the credibility of the informant pursuant to *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). He argues the informant was not credible and the information was not reliable because the affidavit alleged that the informant had been proven reliable by only one previous controlled purchase. He says that the reliability of a confidential informant cannot be established by only a single controlled purchase. He also argues that the second half of the *Aguilar* test, which provides that the affidavit must relate the informant's basis of knowledge, is also not satisfied by the affidavit.

The affidavit executed by the officer reads in part as follows:

> "During the first week of February 1978, your AFFIANT was contacted by a reliable informant who will be known for the purpose of this warrant as N.D. 40. N.D. 40 had information pertaining to a person selling HEROIN from his residence. N.D. 40 has been proven reliable in the past by making a Controlled Purchase of a Controlled Dangerous Substance within the past 3 weeks, which resulted in the execution of 1 search and seizure warrant at which time 1 person was arrested and charged with narcotic violations. Also as a result a quantity of Controlled Dangerous Substances were recovered. N.D. 40 is familiar with HEROIN, and has used HEROIN in the past.

> "N.D. 40 stated that one Carlton David Barber, N/M/24 yrs., D.O.B.1-27-54, 5'9", 154 lbs., is

currently engaged in the sale of HEROIN from his residence located at 2349 W. North Ave. N.D. 40 went into detail by stating that on several occasions during the months of January and February 1978, N.D. 40 purchased HEROIN from Carlton at his residence located at 2349 W. North Ave. N.D. 40 further states that Carlton has been arrested in the past for narcotic violations.

"Acting on the above your AFFIANT responded to 2349 W. North Ave., and found same to be a 2 story brick dwelling with a brown door. Your AFFIANT made a check with the Balto. City Police Dept. Central Records Division and found that Carlton David Barber, N/M/24yrs., D.O.B.1-27-54 has been arrested 1 time for Possession of MARIHUANA, under BofI 246-046, and is on probation until 5-13-78. A check was also made with the C&P and found that service for 2349 W. North Ave. was listed to Carlton David Barber."

In determining whether probable cause exists, the Supreme Court has developed a two-pronged test in *Aguilar v. Texas, supra.* The Court stated that sufficient probable cause required that:

"[T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see *Rugendorf v. United States,* 376 U.S. 528, 84 S.Ct. 825, was 'credible' or his information 'reliable.'" (Footnote omitted). 378 U.S. 114.

The State contends that the veracity prong was satisfied by the informant's past performance, his declaration against penal interest and independent police corroboration of facts. A close examination of these factors illustrates that the credibility of the informant was not established. The magistrate did not have enough indicia of the informant's

credibility to support a finding of probable cause. The affidavit states that the informant had participated in a controlled buy which led to one arrest and a seizure of controlled dangerous substances. It is true that this Court has stated that a controlled buy is sufficient to establish credibility of the informant. *Hignut v. State,* 17 Md. App. 399, 303 A.2d 173, 180 (1973). The controlled buy in *Hignut,* however, related to those against whom the search warrant was executed. In other words, the informant had participated in the controlled buy with the person who would be subject to the search warrant in issue. In the present case, the informant did not participate in a controlled buy with Barber, but with someone else unrelated to the appellant. Although we could find no case specifically on point, it seems clear that only one previous controlled buy unrelated to the present search warrant will not prove the veracity of the informant. What an individual would do when he knows police officers are watching him may well be entirely different from what he does otherwise. All cases we could find where the veracity of the informant was upheld show that the informant's reliability had been repeatedly demonstrated. *See, e.g., McCray v. Illinois,* 386 U.S. 300, 303, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) (informant had supplied accurate information on approximately 15 prior occasions); *State v. Kraft,* 269 Md. 583, 307 A.2d 683 (1973), *cert. denied,* 416 U.S. 994 (1974) (informant had previously been responsible for eleven narcotics arrests); *Comi v. State,* 26 Md. App. 511, 338 A.2d 918, *cert. denied,* 276 Md. 740 (1975) (informant had previously provided accurate information to other police officers beside affiant); *Owings v. State,* 8 Md. App. 572, 573-74, 261 A.2d 223, *cert. denied,* 258 Md. 729 (1970), *cert. denied,* 401 U.S. 937 (1971) (informant had supplied information leading to the arrest and conviction of five individuals and recoveries of various amounts of drugs); *Green v. State,* 8 Md. App. 352, 353-54, 259 A.2d 829 (1969), *cert. denied,* 257 Md. 733 (1970) (informant had supplied information to police on a daily basis for a seven month period, information had led to 30 — 40 convictions).

Appellee also contends that the informant's credibility was

established because he told affiant he bought heroin from the appellant; thus he made a declaration against penal interest. In *Merrick v. State,* 283 Md. 1, 389 A.2d 328 (1978), the Court of Appeals held that a declaration against penal interest was sufficient to establish veracity of an *identified* informant. The Court specifically did not decide whether a declaration against penal interest by an *unidentified* informant would establish his veracity. The Court analyzed *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), saying:

"Mr. Chief Justice Burger in an opinion announcing the judgment of the Court upholding the validity of a search and seizure warrant, declared, after observing that statements in the application for the warrant were against an unnamed informant's penal interest:

'Admissions of crime, like admissions against proprietary interest, carry their own indicia of credibility — sufficient at least to support a finding of probable cause. . . .' *Id.* at 583.

"This conclusion, contained in Part III of the opinion, was not shared by a majority of the Court. The Chief Justice was joined only by Mr. Justice Black, Mr. Justice White and Mr. Justice Blackmun on the point. Mr. Justice Harlan, with whom Mr. Justice Douglas, Mr. Justice Brennan and Mr. Justice Marshall joined, expressly disagreed in a dissenting opinion. Thus, although there was a majority of five joining in the judgment, there was only a plurality of four in agreement with the opinion delivering the judgment. The lack of an agreement by a majority of the Court on the principles of law involved prevents the opinion from being an authoritative determination for other cases. *United States v. Pink,* 315 U.S. 203, 216, 62 S.Ct. 552 (1942). *See* Annot., 65 A.L.R. 3d 504 (1975). Its findings, conclusions and views are not constitutionally the 'Supreme Law' of Maryland, nor are the 'Judges of this State, and all the People of

this State ... bound thereby.' In other words, the conclusion regarding statements against penal interest expressed by the four justices in the Burger opinion is not controlling in this State; it is no more binding than is the contrary conclusion reached by the four justices in the Harlan dissenting opinion. Therefore, we may look at the Burger opinion and the Harlan opinion on the question of statements in applications for warrants which are against the penal interest of the declarant only in the frame of reference of the persuasiveness of the respective reasons advanced." (footnotes omitted). 283 Md. at 6-8.

Mr. Chief Justice Burger continued in *Harris.*

"Common sense in the important daily affairs of life would induce a prudent and disinterested observer to credit these statements, People do not lightly admit a crime and place critical evidence in the hands of the police in the form of their own admissions. Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility — sufficient at least to support a finding of probable cause to search. That the informant may be paid or promised a 'break' does not eliminate the residual risk and opprobrium of having admitted criminal conduct." 403 U.S. at 583-4.

"Nor is it especially significant that neither the name nor the person of the informant was produced before the magistrate. The police themselves almost certainly knew his name, the truth of the affidavit is not in issue, and *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), disposed of the claim that the informant must be produced whenever the defendant so demands." 403 U.S. 584-5.

Mr. Justice Harlan would have found that an unnamed informant was not credible simply because he confessed to having committed a crime. He stated that if the identity of the declarant is not revealed, it cannot be readily assumed

that the declarant would suspect the statement would do him harm. *Harris* at 594. He also noted that the thrust of *Spinelli/Aguilar* was to prohibit issuance of warrants on uncorroborated hearsay and said:

> "[T]he effect of adopting such a rule would be to encourage the Government to prefer as informants participants in criminal enterprises rather than ordinary citizens, a goal the Government specifically eschews in its brief in this case upon the explicit premise that such persons are often less reliable than those who obey the law." 403 U.S. at 595.

The Court of Appeals in *Merrick* noted the importance of identifying the informant, stating:

> "We think that the identification in the affidavit of the informant here is significant in assessing his credibility. We have said that the strictures of *Aguilar-Spinelli* are aimed primarily at unnamed police informers. *Mobley and King v. State,* 270 Md. 76, 85, 310 A.2d 803 (1973), *cert. denied,* 416 U.S. 975 (1974).
>
>> ' "The practical distinction is that in dealing with a named source, the very naming of the source and the relationship of the source to the observed information may go a long way (or even be sufficient unto itself), under the facts of a particular case, to establish the credibility of that source or the reliability of his information." ' *Andresen v. State,* 24 Md. App. 128, 176, 331 A.2d 78, *cert. denied,* 274 Md. 725 (1975), *aff'd,* 427 U.S. 463, 96 S.Ct. 2737 (1976) (quoting *Dawson v. State,* 11 Md. App. 694, 699, 276 A.2d 680, *cert. denied,* 263 Md. 711, 712 (1971))." 283 Md. at 16.

The Court in *Merrick* recognized that in the majority of those cases in other jurisdictions in which a declaration against penal interest was found to be sufficient to show credibility, the informant was identified, which was indicative of the

probative value usually given to identification. The Court repeated Mr. Justice Harlan's assertion that

> "[M]agistrates may not properly predicate a determination that *an unnamed confidant* is credible upon the bare fact that by giving information he also confessed to having committed a crime." 283 Md. at 18.

In reliance on the Court's reasoning in *Merrick*, we hold that an informant's credibility cannot be shown solely by declarations against penal interest where the informant has not been identified. We find support for this reasoning from other cases which specifically held that credibility was not shown by unidentified informants' declarations against penal interest. *See State v. Mabrey*, 140 Ga. App. 577, 231 S.E.2d 461 (1976); *Commonwealth v. Falk*, 221 Pa. Super. 43, 290 A.2d 125 (1972). In *Mabrey*, the court stated, "We fail to see how there can be even an implicit showing of reliability in anonymous admissions of criminality." In *Falk*, the court recognized that if the informant is unidentified the magistrate would have no way of knowing if the informant actually feared prosecution at the time of her statements.

We are not unmindful of cases which have decided that unidentified informants are credible because of declarations against their penal interest. *See People v. Glasener*, 191 Colo. 114, 550 P.2d 851 (1976); *People v. Bolender*, 24 Ill. App.3d 804, 322 N.E.2d 624 (1975); *State v. Archuleta*, 85 N.M. 146, 509 P.2d 1341 (1973); *Manley v. Commonwealth*, 211 Va. 146, 176 S.E.2d 309 (1970); *State v. Crosetto*, 73 Wis. 2d 261, 243 N.W.2d 442 (1976). Other cases, in finding that an informant is reliable, specifically mention the identification of the informant is important in finding him to be credible. *See United States v. Spach*, 518 F.2d 866 (1975); *United States v. Principe*, 499 F.2d 1135 (1974); *People v. Trontell*, 188 Colo. 253, 533 P.2d 1124 (1975); *Commonwealth v. Fleurant*, 2 Mass. App. 250, 311 N.E.2d 86 (1974); *Gentry v. State*, 562 P.2d 1170 (Okla. Crim. 1977). *Also see Comment: An Informant's Tip as the Basis for Probable Cause: Modified Aguilar Standards*, 20 S.D. L.Rev. 363 (1975).

Declarations against penal interest by an informant may be a factor in assessing credibility, but we cannot say that the unidentified informant's declaration against penal interest alone provides sufficient credibility for showing of probable cause. Any language or holding to the contrary in any of our prior cases is hereby overruled.

It is obvious that the informant did not furnish detailed information, not generally known, which would have supported his credibility. *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). The only independent police corroboration was that the officer's investigation revealed (1) that the appellant did live at the address that the informant gave; (2) he had been arrested one time for possession of marijuana; and (3) the telephone was listed to the appellant. We are certain that many people circulating in the criminal underworld were in possession of all the information verified by the police officer. As the veracity of the informant was not shown on the face of the affidavit, more corroboration was necessary than was shown in order to bolster the informant's credibility.

Although we needed to discuss the lack of detailed information sufficient to show credibility, we do not reach the basis of knowledge requirement of *Aguilar v. Texas, supra* and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). We will say, however, appellant's argument on this issue is specious. No more detail is required than that the informant personally purchased heroin from the accused at the location sought to be searched.

Inasmuch as the entire State's case is based on evidence seized under an invalid search warrant, there is no need to remand the case for a new trial, cf. Hillard v. State, 286 Md. 145 (1979).

*Judgment reversed.*

*Costs are not reallocated as part of the judgment of this Court pursuant to Maryland Rule 1082 F.*